ARNO CO–OP. IRR. CO. et al. v. PUGH et al. (No. 82–2873.)

(Commission of Appeals of Texas, Section B. June 11, 1919.)

APPEAL AND ERROR &⟶1114—DISPOSITION OF ISSUES—STATUTE.

Where Court of Civil Appeals on issues presented by pleadings and evidence correctly applied the law favorable to contention of plaintiffs in error, and where there was no further issue to be developed or determined, it should have rendered judgment for plaintiffs in error, in view of Rev. St. 1911, art. 1626, and its judgment reversing cause would be affirmed, and its judgment remanding it would be reversed, and judgment rendered for plaintiffs in error.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Separate actions by the Arno Co-operative Irrigation Company and others against Spencer B. Pugh and others, and by Spencer B. Pugh and others against Robert G. Werner and another, which by agreement of the parties were consolidated and tried as one suit. From a judgment of the Court of Civil Appeals, El Paso (177 S. W. 991), reversing and remanding a decree determining the rights of the parties on appeal by the Co-operative Irrigation Company and others, those parties bring error. Judgment of reversal affirmed, and judgment of remand reversed, and judgment rendered for plaintiffs in error herein.

Clay Cooke, of Pecos, for plaintiffs in error.

Ross & Hubbard, of Pecos, and Leslie A. Needham, of Chicago, Ill., for defendants in error.

SADLER, J. This suit originated over the rights of the plaintiffs in error to the possession of the properties of the Arno Co-operative Irrigation Company, and the right to vote certain shares of stock therein by Robert G. Werner. The defendants in error were in possession of the properties of the irrigation company, had excluded it from the possession thereof, were exercising the claimed right to vote 7,804 shares of the capital stock of the company, same being a majority thereof, and were performing the duties of directors and officers of the company. A full statement of the pleadings and of the facts necessary to an understanding of the issues presented on the trial and before· this court are contained in the opinion by the Court of Civil Appeals. 177 S. W. 991.

The Court of Civil Appeals reversed and remanded the cause to the district court, and writ of error has been prosecuted to the Supreme Court complaining of the judgment of the Court of Civil Appeals in remanding

---

&⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the cause and in its failure to render for plaintiffs in error.

### Opinion.

Careful consideration of the opinion by the Court of Civil Appeals and of the record manifests that the findings of fact as contained in its statement of the case and the conclusions of law thereon as set forth in the opinion are correctly presented by the Court of Civil Appeals.

However, we are of opinion that, having disposed of all the issues presented in the case by the pleadings and evidence on a correct application of a law thereto favorable to the contention of the plaintiffs in error, the Arno Co-operative Irrigation Company, Robert G. Werner, R. S. Johnson, and F. E. Knapp, and contra to the position taken by the defendants in error, Spencer B. Pugh, John B. Dandridge, Leslie A. Needham, and I. O. Carroll, and there appearing no issue of fact to be further developed and determined in the trial court, the Court of Civil Appeals should have rendered judgment in favor of the plaintiffs in error, who were the appellants in that court.

The plaintiffs in error sought to recover from the defendants the title and possession of the properties described in their petition, to obtain a writ of possession and a restraining order prohibiting the defendants in error, and each of them, from pretending to act for or on behalf of said company, and from using the seal, or purported seal, of said corporation, and from in any manner interfering with the plaintiffs in the management and control of said company, or entering upon and interfering with the use and possession of any of its properties, and to restrain the defendants in error from attempting to vote or exercise control over 7,804 shares of stock of the corporation.

The Court of Civil Appeals found the facts and the law favorable to the contention of this prayer; and clearly plaintiffs in error were entitled to the relief sought.

The defendants in error sought judgment of the court as to whether R. G. Werner could be heard to claim or assert any right, title, or interest in or to all or any portion of the stock of the Arno Co-operative Irrigation Company acquired from John B. Dandridge and Spencer B. Pugh, and sought to require certificate No. 30, covering said stock, to be surrendered and canceled, and to enjoin Werner from asserting claim or title thereto. The Court of Civil Appeals determined this issue against the contention of defendants.

These seem to be the only issues which were involved in the consolidated causes before the court for trial; and, such being the determination of the issues by the Court of Civil Appeals, it follows that judgment

should have been rendered in accordance with the opinion delivered. Article 1626, Revised Statutes 1911; Young v. Van Benthuysen, 30 Tex. 771; Sweeney v. G., C. & S. F. Ry. Co., 84 Tex. 437, 19 S. W. 555, 31 Am. St. Rep. 71; Thompson Lumber Co. v. Bryant, 144 S. W. 293.

We therefore recommend that the judgment of the Court of Civil Appeals reversing the cause be affirmed, that its judgment remanding same be reversed, and that judgment be here rendered for the plaintiffs in error in accordance with their prayer, and denying the relief prayed for by defendants in error, and that all costs be adjudged against defendants.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.