## HENDRYX v. W. L. MOODY COTTON CO. (No. 8396.)

(Court of Civil Appeals of Texas. Galveston. Nov. 12, 1923.)

**1. Factors ☞47(6)—Directing payment of "usual and customary current charges" held defective.**

A judgment, foreclosing a lien for advances by a commission merchant on cotton, which directed the officer executing the order of sale to pay out of the proceeds all usual and customary current charges accrued, including all cash advanced and paid for freight thereon, etc., *held* defective in permitting the officer to determine the law and the facts as to what the proper charges on such items should be.

**2. Judgment ☞204 — Should determine all facts necessary to its execution by ministerial officer.**

A judgment should determine the respective rights of the parties, so that the ministerial officers can with certainty execute the judgment without the necessity of determining facts not stated therein.

**3. Appeal and error ☞1149—Where evidence undisputed, defective judgment was reformed and affirmed.**

Where judgment was defective because it was not definite, but the undisputed evidence showed the amounts of charges properly al-

lowable, the judgment will not be reversed, but reformed and affirmed.

Appeal from District Court, Galveston County; J. C. Canty, Judge.

Suit by the W. L. Moody Cotton Company against J. M. Hendryx. Judgment for plaintiff, and defendant appeals. Reformed and affirmed.

J. S. Jackson, of Alvin, Rosser & Smith, of Snyder, and Stinson, Coombes & Brooks, of Abilene, for appellant.

C. W. Nugent, of Galveston, for appellee.

LANE, J. This suit was brought by appellee W. L. Moody Cotton Company, a corporation doing business as a cotton factor and commission merchant in Galveston, Tex., against appellant J. M. Hendryx of Snyder, Tex., to recover the sum of $3,830.96, and for such interest as might accrue thereon to date of judgment, and for a foreclosure of its lien on 42 bales of cotton of defendant's then in its possession.

The plaintiff alleged that it had advanced to the defendant the principal of the sum named above on certain bales of cotton shipped to it as a cotton factor by defendant from Snyder, Tex.; that plaintiff held a lien upon 42 bales of said cotton, which were unsold and still in its possession, for the payment of said advances. After having made the allegations stated, the plaintiff concluded its petition as follows:

"Wherefore, premises considered, this plaintiff prays that plaintiff have judgment against the defendant for all of its said debt, claim and demand, as hereinbefore set out, together with all accrued interest thereon up to the date of final decree herein, with interest at the rate of 8 per cent. per annum from the date of the filing of this suit, interest having heretofore been computed as in this amended petition hereinbefore set out and indicated up to the date of the filing of this suit, together with all costs herein accrued and that may hereafter accrue, including the costs of foreclosure and sale of said cotton; that plaintiff's said lien upon all of said cotton, and all liens held by plaintiff against said cotton as hereinbefore set out, be in all things foreclosed; and that from the proceeds of said cotton, when sold, before applying the gross proceeds thereof as credits upon plaintiff's said indebtedness, claim and demand, that all current and customary charges now accrued against said cotton, or that may hereafter accrue thereon, be deducted before applying the proceeds of said cotton upon the amount of such judgment as may be rendered herein for plaintiff. Said current charges now accrued up to the date of the filing of this amended petition embrace cash advanced for freight $144.13; interest on cash advanced for freight, $23.04; storage and insurance and commissions on said cotton, first month, $84; storage and insurance accrued since first month, $517.50—or a total now of $768.67. And that all further customary, lawful and current charg-es that may hereafter accrue thereon be added to the said $768.67, so that the net proceeds of said cotton only, after deducting said current customary charges, shall be applied as a credit on the indebtedness of the said defendant to this plaintiff, as hereinbefore indicated. And that after deducting such current charges, as aforesaid, which are usual, customary, lawful and proper, that the net proceeds of said cotton, when sold, be forthwith thereupon paid over to this plaintiff, to be applied as a credit upon said indebtedness; and that so much of said indebtedness that shall not be covered by the net proceeds of said cotton, this plaintiff have its execution also for all costs, as aforesaid.

"Plaintiff prays for all such other and further relief, both general and special, to which in law and equity it may show itself entitled."

As a defense to the cause of action alleged by the plaintiff, the defendant filed a general denial.

Defendant also filed an answer setting up a cross-action against the plaintiff, but as no issue with reference thereto is presented by this appeal, no further mention thereof will be made herein.

The cause was submitted to the court without a jury, and judgment was rendered in which it is recited:

"The court finding that the defendant, J. M. Hendryx, was on the said 20th day of May, A. D. 1922, justly indebted to the plaintiff, W. L. Moody Cotton Company (Incorporated) of Galveston, Tex., on account of moneys advanced by the plaintiff to the said defendant against 42 bales of cotton, in the aggregate, shipped and consigned to the plaintiff, at Galveston, Tex., during or about the month of March, A. D. 1920, and being the same cotton involved in this suit, in principal and interest, upon said advances and the several drafts drawn by the defendant on, and paid by plaintiff against, said 42 bales of cotton, the sum of $4,177.40, and that the plaintiff has, and holds, and is entitled to, a statutory factor's lien, and a legal and equitable lien upon all of said 42 bales of cotton, for the security of said indebtedness; it is accordingly considered, ordered, adjudged and decreed by the court that the said plaintiff, W. L. Moody Cotton Company (Incorporated) of Galveston, Tex., have and recover of and from the said defendant, J. M. Hendryx, the said sum of $4,177.40, together with interest thereon at the rate of 6 per cent. per annum, from and after the 20th day of May, A. D. 1922, together with all costs in this behalf expended, including the sum of $50 allowed by the court to W. H. Schneider and F. P. Lordan, expert cotton classers, who under the order of this court reclassified all of said cotton.

"It is further ordered, adjudged and decreed by the court that the said liens, in favor of said plaintiff, are hereby in all things foreclosed, upon all of said cotton, that is to say, all of said 42 bales of cotton, being all of the cotton involved in this suit, for which said plaintiff may have its order of sale. It is further ordered, adjudged and decreed by the court that all of said cotton shall be sold by the

sheriff, or any other constable of Galveston county, Tex., having for enforcement said order of sale, making said sale as under execution. That out of the proceeds of the sale of said cotton, the officer executing said order of sale will deduct and pay to himself: First, all legal fees, expenses and commissions, for the execution of said writ; second, all costs of court herein; third, all usual and customary and current charges now accrued upon said cotton, including all cash advanced for freight thereon by the plaintiff, with interest that (at) the rate of 6 per cent. per annum from the date of the payment of said freight, $2 per bale per month for the first month that said cotton has been held by the plaintiff, to cover commission, sampling, classifying, weighing, insurance and storage, on said cotton, which the court finds is the contract and agreed charges for the first month for handling all of said cotton, and 50 cents per bale per month thereafter for insurance and storage on said cotton, plus any lawfully accrued and current and ordinary charges on said cotton, for conditioning, or reconditioning, if any, all of which moneys, covering said current charges for freights, interest on freights, weighing, sampling, classifying, storage, insurance and conditioning, or reconditioning, if any, in fact all current, customary and lawful charges accrued against said cotton the officer executing said writ will pay over to the plaintiff, or its order, and will also pay to the plaintiff the net proceeds thereafter remaining from the sale of said cotton, which net proceeds shall be applied as a credit on this judgment.

"It is further considered, ordered, adjudged and decreed by the court that for any and all such sums due upon this judgment after applying as a credit thereon the net proceeds of the sale of said cotton, and which sum shall not have been realized net by said sale, the ·plaintiff may have its execution against said defendant, J. M. Hendryx."

From the judgment so rendered, J. M. Hendryx has appealed.

[1] Appellant makes no complaint of so much of the judgment as awards to the plaintiff a recovery for $4,177.40 and interest thereon until paid, the $50 paid to the classifiers appointed by the court by agreement of both parties, costs of suit, costs incurred in executing the order of sale, and the foreclosure of the plaintiff's lien, but he does insist that the court erred in directing that the officer, executing the order of sale of the 42 bales of cotton, first pay out of the proceeds of such sale "all usual and customary and· current charges accrued upon said cotton, including all cash advanced and paid for freight thereon, $2 per bale for the first month that said cotton was held by plaintiff, 50 cents per bale for each month the cotton was held after the first month, charges for storage, and all lawful accrued and current and ordinary charges on said cotton for conditioning, or reconditioning, if any, and also all charges for weighing, sampling, classifying, storage, insurance, and in fact all current, customary, and lawful charges accrued against said cotton," because the judgment

failed to show the amount of the charges to be collected for the several items named in said order, and the aggregate sum thereof, and fails to recite or refer to any data from which said officer could calculate and determine the several sums which he is ordered to pay, and said officer is permitted and directed to determine the law and facts relative to such items, and upon his own findings as to what were the freight charges paid by plaintiff, and the usual current, customary, and lawful charges which had accrued against said cotton, and upon such findings to make payment of all of said items. In other words, the judgment does not award any recovery for the items which the officer is directed to pay, that said judgment is not an adjudication of these several items, that it is uncertain and indefinite as to said items, and their amounts, and therefore it should be reversed.

We agree with the contention of appellant that the judgment is defective in the particulars pointed out by him.

[2] It is held by our courts that the very object of a suit is to have the court adjudicate and clearly determine and declare the respective rights of the parties, to the end that the ministerial officers can with certainty carry into execution the judgment of the court without ascertainment and determination of facts not stated in the judgment. Spiva v. Williams, 20 Tex. 442 to 443; Giles v. Union Land Co. (Tex. Civ. App.) 196 S. W. 313, and cases therein cited.

We have reached the conclusion, however, that the judgment should not be reversed for the error pointed out, but that it should be reformed and affirmed as hereinafter stated.

[3] Appellant testified that he was a cotton classer; that he had engaged extensively in buying, selling, shipping, and handling cotton for 10 years; that he was a shipper of· cotton and had shipped Moody Cotton Company several thousand bales; that they would look out for his interest at Galveston, and he for their interest where he lived; that he had always depended on Moody Cotton Company to handle his cotton in Galveston. It is thus made clear, we think, that appellant knew the manner in which appellee handled cotton and what charges it usually and customarily made, and that by shipping his cotton to Moody Cotton Company, to be handled in the usual and customary way, he impliedly contracted to pay such usual and customary charges. The undisputed evidence shows that the cotton was shipped to Moody Cotton Company· in the usual manner and that such company· paid the freight charges of $144.13 from Snyder to Galveston; and it is also shown that the cotton was received by Moody Cotton Company in March, 1920, and was held by it until this suit was tried in May, 1922.

The undisputed evidence of the witness. J. L. Riley is that the Moody Cotton Company paid $144.13 freight on the cotton; that the usual charges for the first month the cotton was held was $2 per bale, which covered commissions, storage, and insurance, weighing, sampling, and classifying, and amounted to $84; and that the usual charges per month after the first month was 50 cents per bale, which amounted to $517.50; that all these sums, plus $23.04 interest on the freight money, amounted to $768.67. He also testified that these charges against appellant were the customary charges on cotton handled by Moody Cotton Company.

There was no evidence tending to contradict the evidence above stated.

It being shown then, by the undisputed evidence, that appellee was justly entitled to judgment for the $144.13 paid out by it for freight, together with the sum of $23.04 interest thereon; the sum of $84, same being $2 per bale on the 42 bales of cotton for the first month it was held; and for $517.40, same being 50 cents per bale on said cotton per month for each month it was held after the first month—said sums aggregating $768.67—the judgment is so reformed as to adjudge that appellee receive of appellant said sum of $768.67 in addition to the sum of $4,177.40 and $50 which were awarded to it in said judgment, with 6 per cent. per annum interest on said sums from date of the judgment until paid; that it have judgment foreclosing its lien on said 42 bales of cotton and for an order of sale thereof for the payment of, first, all costs incurred in the trial court, second, all costs incurred in making such sale, including the commission allowed by law for making such sale, and, third, the several sums adjudged to appellee, aggregating $4,996.07, if there be a sufficient amount of the proceeds of said sale to pay said sums, and in the event the proceeds of such sale shall be insufficient to pay said sums in full, then, and in that event, appellee shall have its execution for any balance that remains unpaid. If, however, and balance of such proceeds shall remain after having paid said sums in full, such balance shall be paid over to appellant. All costs of this appeal are adjudged against appellee. That part of the judgment of the trial court which directs the officer to pay all usual and customary and current charges now accrued upon said cotton, plus any lawfully accrued and current and ordinary charges on said cotton for conditioning or reconditioning the same, or for weighing, sampling, classifying, storage, insurance, and in fact all current, customary, and lawful charges accrued against said cotton, out of the proceeds of the sale of said cotton, is stricken out. The judgment, reformed as above stated, is affirmed.

Reformed and affirmed.