### McCOMBS v. RED.
### No. 2774.

Court of Civil Appeals of Texas. Beaumont.
Oct. 9, 1935.

Rehearing Denied Oct. 16, 1935.

McComb, Marsh & Grogan, of Conroe, and Kemper, Hicks & Cramer, of Houston, for appellant.

Morris, Clark & Darden, of Conroe, for appellee.

WALKER, Chief Justice.

As plaintiff below against appellant W. P. McCombs as defendant, appellee alleged that appellant acquired an undivided one-half interest in two tracts of land, 142½ acres on the Watson pre-emption and 145 acres on the Fannie S. Hooper survey in Montgomery county, and that, by oral contract between him and appellant, he acquired an undivided one-sixth interest in appellee's title; it was the theory of his petition and of his case on appeal that he acquired this interest by contract with appellant before title vested in appellant. He alleged further that up to the date of filing this suit appellant had realized in profits from the interest in the land held in his name the sum of $48,000, of which amount he claimed $8,000, and a further one-sixth interest in all subsequent profits. Appellant answered by pleas of general demurrer, general denial, and the statute of frauds, with a specific plea to have his title quieted as against appellee's asserted claim. After overruling appellant's motion for an instructed verdict, the following issues were submitted to the jury, answered as indicated:

"Special Issue No. 1. Do you find from a preponderance of the evidence that the defendant W. P. McCombs orally contracted, agreed and promised the plaintiff Raymond B. Red that he would pay and give him one-sixth (⅙) of all moneys, profits and things of value that he made out of and received from the powers of attorneys that he obtained from M. A. DeMoss and wife Sallie DeMoss and the other heirs of J. T. Watson's claim in the J. T. Watson survey and the Fannie S. Hooper, et al., Survey, if the plaintiff Raymond B. Red would furnish his automobile and aid and assist the defendant W. P. McCombs in making trips to Nacona, Texas, and other places for the purpose of securing powers of attorney from the DeMoss's and the other heirs of J. T. Watson's claim in the J. T. Watson Survey and the Fannie S. Hooper, et al. Survey?

"Answer 'Yes' or 'No' as you find the fact to be."

Answer: "Yes."

"Special Issue No. 2. What do you find, from a preponderance of the evidence, to be the date of said agreement?

"Answer by giving the date as you find the fact to be."

Answer: "9—April."

"Special Issue No. 3. Do you find from a preponderance of the evidence that the plaintiff Raymond B. Red did furnish his automobile and aid and assist the defendant W. P. McCombs in going to and from Nacona, Texas, and other places for the purpose of securing powers of attorney from M. A. DeMoss and wife Sallie DeMoss and other heirs of J. T. Watson's claim in the J. T. Watson Survey and the Fannie S. Hooper, et al. Survey?"

Answer: "Yes."

We quote as follows from appellant's brief, giving supplementary fact findings by the trial court and a general summary of the court's judgment:

"In addition to the findings of the jury hereinabove set out, the court made special fact findings in support of such judgment and as contained in such judgment as follows, to wit:

"1. That the defendant, W. P. McComb received a power of attorney from M. A. DeMoss and wife, Sallie DeMoss coupled with a one-half (½) interest in and to the 145 acres of land designated as the Fannie S. Hooper, et al. Survey.

"2. That by virtue of said power of attorney the defendant, W. P. McComb, received the following schedules of payment:

"(a) The sum of Sixty-Two Hundred Fifty Dollars ($6250.00) cash.

"(b) A 1/192 royalty interest in and to said tract of land, which was described in the judgment by metes and bounds.

"(c) The sum of $22,500.00 in oil to be paid out of ⅛ of ⅞ of the oil when, as and if produced from the above described property until the sum of $27,500.00 in oil payments is paid out of ⅛ of ⅞ of the oil produced from the land above described is paid to W. R. Mercer and wife and Thos. J. Baten, when the said sum of $22,500.00 will be paid out of ¼ of the ⅞ of the oil produced in the above described property. That is, the said sum of $22,500.00 will be paid out of the ⅛ and the ¼ respectively of the ⅞ as it bears its proportionate part to a $90,000.00 oil payment which shall be paid out of ⅛ and ¼ respectively of the ⅞.

"Based on the foregoing fact findings of the Court and the verdict of the jury, the court rendered the following judgment:

"'It is therefore ordered, adjudged and decreed by the Court that plaintiff Raymond B. Red have and recover of and from the defendant W. P. McCombs the sum of $104.66 cash.

"'The sum of $3750.00 to be paid out of ⅛ of ⅞ of the oil when, as and if produced from the above described property until the sum of $27,500.00 in oil is paid to W. R. Mercer and wife and Thos. J. Baten when said sum of $3750.00 shall be paid out of ¼ of ⅞ of the oil when, as and if produced from the above described property as it bears its proportionate part to a $90,000.00 oil payment out of ⅛ and ¼ respectively of ⅞ of oil, when, as and if produced from the above tract of land. Said $3750.00 in oil payments representing ⅛ of said oil payments due and owing to the defendant W. P. McCombs aforesaid.

"'It is therefore ordered, adjudged and decreed by the Court that the plaintiff Raymond B. Red have and recover of the defendant W. P. McCombs a ¼₁₅₂ royalty interest in and to the above described tract of land.'

"The court further found that W. P. McComb received powers of attorney from M. A. DeMoss and wife, Sallie DeMoss, Mrs. Alice Tate, W. A. Purvis, Fred Purvis, Mrs. Lois Flewellen, J. C. Flewellen, Mrs. Etta Reeves, C. C. Reeves, Mrs. Laura Crews, C. B. Crews, Carmel Cruze, J. W. Cruze, Mrs. Willie Whittaker and Monroe Whittaker coupled with his one-half (½) interest in and to a tract of land described in said judgment containing 142½ acres and designated as the J. T. Watson Pre-emption Survey.

"The court further found that defendant, W. P. McComb, by virtue of said power of attorney, received the following schedule payments:

"(a) The sum of Six Hundred One and 85/100 Dollars ($601.85) cash.

"(b) The sum of $5416.65 to be paid in cash when the litigation involving the claim of J. M. Miles and the other persons named as plaintiffs in Cause No. 17,708 in the District Court of Montgomery County, Texas, is finally disposed of and determined by settlement or dismissed or judgment in favor of Mrs. Fannie S. Hooper, W. N. Hooper, Guy H. Hooper and Mrs. Zoula Schaefer.

"(c) The defendant W. P. McCombs received the sum of $19,861.11 in oil payments to be paid out of ⅛ of ⅞ of the first oil as, if and when produced in the above described tract of land until the sum of $27,500.00 in oil is paid to W. R. Mercer and wife and Thos. J. Baten when said sum of $19,861.11 in oil shall be paid the defendant W. P. McCombs out of ¼ of ⅞ of the oil when, as and if produced from the above described tract of land. That is, as said last mentioned sum bears its proportionate part to a $79,-444.45 oil payment out of ⅛ and ¼ respectively of ⅞ oil. Said last mentioned oil payment shall be paid subject to the costs of drilling and the development and to the costs of receiverships on said tract of land.

"Based on the foregoing fact findings of the Court and the verdict of the jury the Court rendered the following additional judgment:

"'It is therefore ordered, adjudged and decreed by the Court that Plaintiff Raymond B. Red have and recover of and from the defendant W. P. McCombs the sum of $100.30 cash; the sum of $902.74 in cash when the litigation involving the claim of J. M. Miles and the other persons named as plaintiffs in Cause No. 17,708 of the District Court of Montgomery County, Texas, is finally disposed of and determined by settlement or dismissed or judgment in favor of Mrs. Fannie S. Hooper, W. N. Hooper, Guy H. Hooper and Mrs. Zoula Schaefer.

"'It is further ordered, adjudged and decreed by the court that the plaintiff Raymond B. Red have and recover of and from the defendant W. P. McCombs the sum of $3310.18 in oil payment out of ⅛ of ⅞ of the first oil as, if and when produced from the above described tract of land until the sum of $27,500.00 out of ⅛ of ⅞ of said oil is paid to W. R. Mercer and wife and Thos. J. Baten when said sum of $3310.18 or the balance thereof shall be paid out of ¼ of ⅞ of the oil produced when, as and if produced from the above described tract of land. That is, as said last mentioned sum bears its proportionate part to the $79,444.45 oil payment out of ⅛ and ¼ respectively of the oil payment of ⅞ of the oil when, as and if produced from the above described tract of land. The foregoing schedule of

oil payments is subject to the costs of drilling and development of wells upon said property and to the costs of receivership.

" 'It is ordered, adjudged and decreed by the court that in addition to the foregoing contingent cash and contingent oil payments that the said plaintiff Raymond B. Red do have and recover of and from the said defendant W. P. McCombs. The total cash sum of $1141.96 being the amount set out in Paragraph 5, page 3 and Paragraph 1, on page 5, respectively of this judgment with interest thereon at the rate of six per cent (6%) per annum from the 24th day of September, A. D. 1934, together with his costs in this behalf expended and that he have his execution.' "

### Opinion.

All the propositions to the effect that, under the undisputed evidence, appellant acquired his interest in the land before the date of the alleged contract, and that the evidence was insufficient to support a finding that the oral contract was made before the date appellant acquired his interest in the land, and that the alleged contract was void as being in violation of article 430a of the Penal Code (Vernon's Ann.), and that the evidence was insufficient to raise the issues submitted to the jury and to support the jury's verdict, are overruled.

■ Questions 1 and 3, as submitted to the jury, are multifarious, in that the issues concerning both tracts of land were submitted together, while both presented controverted fact issues.

■ An examination of the judgment, as summarized above, shows that it is subject to the criticism presented by appellant's twenty-first assignment of error, which is as follows: "The trial court erred, to the prejudice of defendant, W. P. McCombs, in rendering the judgment herein complained of because the judgment is so vague, obscure, confusing and indeterminate in its provisions by which the court therein attempts to define the

amount or amounts for which the plaintiff is not awarded a cash recovery, that the ministerial officers of the court cannot, with certainty, carry into execution the judgment of the court without the ascertainment and determination of additional facts; and, therefore, said judgment is erroneous, void and invalid by reason of such uncertainty."

The judgment for the specific sum of $3,750 is a judgment for payments "in oil" and not for a judgment in money to be collected by execution.

The other specific sums awarded appellee are so connected with the indefinite uncertain portions of the judgment as to be without reasonable support.

■ Under article 2193, Revised Statutes 1925, the court erred in refusing to send to the jury certain exhibits offered in evidence. Houston, E. & W. T. R. Co. v. Wilson, 37 Tex. Civ. App. 405, 84 S. W. 274; Texas & N. O. R. Co. v. Turner (Tex. Civ. App.) 182 S. W. 357; Trinity & B. V. R. Co. v. Lunsford (Tex. Civ. App.) 183 S. W. 112; Texas Employers' Ins. Ass'n v. White (Tex. Civ. App.) 68 S.W.(2d) 511. Exhibits 8 and 18, being memoranda made by witnesses while testifying, were properly excluded from the jury.

We agree with the contention of appellant that appellee's petition was uncertain and indefinite as to the nature of his cause of action, and suggest that he file an amended petition meeting these criticisms, as a basis for a new trial.

At a former day of this term of court we dismissed the appeal on the theory that the judgment appealed from was not final. Having concluded that we were in error in that construction of the judgment, our order of dismissal is rescinded and the opinion filed thereon withdrawn, and this opinion substituted in lieu thereof as the original opinion of the court.

For the reasons stated the judgment of the lower court is reversed, and the cause remanded for a new trial.