### GIBSON v. GENERAL AMERICAN LIFE INS. CO.

### No. 3300.

Court of Civil Appeals of Texas. El Paso. Jan. 23, 1936.

Rehearing Denied Jan. 30, 1936.

John B. Howard and Peticolas & Peticolas, all of El Paso, for appellant.

J. F. Hulse and Turney, Burges, Culwell & Pollard, all of El Paso, for appellee.

WALTHALL, Justice.

On the 21st day of May, 1914, appellant entered into a contract of insurance with.

the Missouri State Life Insurance Company by the terms of which the said insurance company agreed to insure his life for $10,000, in consideration of the payment by appellant to said insurance company of a premium of $417.50 annually on the 21st day of May of each year. The policy contained a provision waiving the payment of premium in the event the insured should become totally and permanently disabled. Subsequently, to wit, on the 7th day of September, 1933, the assets of the said life insurance company were purchased by appellee, General American State Life Insurance Company, and which purchasing company assumed all liabilities of the former company.

The issues tendered in appellant's pleadings are substantially as follows: That on March 3d, 1932, appellant was in an accident which resulted to him in his total and permanent disability; that appellee by its agents and employees, by their acts and conduct waived notice and proof of appellant's disability; that notwithstanding appellant's total and permanent disability, both said insurance companies breached said insurance contract and refused to waive the payment of the premiums on account of said disability for the years 1932 and 1933; that appellant paid said premiums for said two years, under protest, to save the policy from being canceled.

This suit is to recover of appellee the two premiums paid, and interest and attorney fees.

Appellee answered by general denial, and specially pleaded that the two payments of premiums were voluntarily made; that there has never been an approval of appellant's claim as provided by the policy; that the two-year statute of limitations bars recovery of the payment made May 21, 1932.

The cause was submitted and tried on special issues.

The jury found that appellant was totally and permanently disabled; that the disability occurred on March 3, 1932; that appellant requested of appellee blanks on which to make proof of disability and the date of such request; that appellee did not refuse to furnish such blanks; that appellee had proof of appellant's disability after July 18, 1934; the jury assessed appellant's attorney's fee at $250; the appellant himself paid each of the two premiums voluntarily.

Each party filed a motion for judgment.

The court entered judgment for appellee.

Appellant's motion for new trial was overruled, and appellant appeals.

### Opinion.

Appellant submits a number of propositions, but the view we take of the case we need consider only one question complained of. Appellant sued to recover the two premiums paid. On issue sufficiently pleaded, the jury found under the evidence that the payment of the two premiums was voluntarily made. In view of that finding, if it is sustained by the evidence, all other issues become unimportant, and judgment for appellee would necessarily follow. It has been well established in this state that money voluntarily paid, with full knowledge of all the facts, and without fraud, deception, duress, or coercion, cannot be received back, although it was paid upon a void or illegal demand, or upon a claim which had no foundation in fact, and was paid without consideration. Texas Juris., vol. 32, p. 727, par. 48, and cases cited in the notes. Appellant combatted the issue of voluntary payment on the ground of coercion, that is, threat to cancel the policy if payment was not made; pleaded payment under protest. The jury, however, found against appellant on the issue of voluntary payment, and on evidence sufficient to require the submission of the issue. The evidence shows that appellant was familiar with all the facts, and in making the payments acted under the advice of counsel.

The case is affirmed.