**HATTON v. BURGESS et al.**

No. 4022.

Court of Civil Appeals of Texas. Beaumont.

Nov. 12, 1942.

Rehearing Denied Jan. 6, 1943.

E. L. Reid, of Orange, for appellant.

K. W. Stephenson, of Orange, for appellees.

WALKER, Chief Justice.

This is an action in trespass to try title, by the statutory plea and by special pleas of five and ten years limitation, by appellant, R. M. Hatton, against appellees, Mrs. Nora Burgess et al., involving 60 acres of land out of the William Hatton survey in Orange county. Appellees answered by disclaiming all of the land sued for except 35 acres, which they claimed by specific metes and bounds. The jury answered in appellant's favor all issues of limitation except that his possession was not adverse. Judgment was for appellant for the 25 acres disclaimed by appellees, and in their favor for the balance of the land sued for, from which appellant has duly prosecuted his appeal.

Appellant was not entitled to an instructed verdict nor for judgment non obstante veredicto, on his construction of the evidence that, as a matter of law, his possession was adverse. On the 7th day of May, 1907, J. M. Hatton, owning all the land in controversy, conveyed to J. L. Burgess, the husband of appellee, Mrs. Nora Burgess, the following tract of land claimed by appellees in their disclaimer: " * * * all that certain tract or parcel of land lying and situated in aforesaid County and State and being part of the Wm. Hatton preemption Survey of 160 acres and the part herein conveyed being 35 acres of said Survey said 35 acres to include all houses, fences and improvements of every description now on said land." On the 9th day of December, 1916, J. M. Hatton and others deeded the land in controversy to appellant, vesting in him a regular chain of title, subject only to the Hatton-Burgess deed of date May 7, 1907. On receipt of this deed appellant, as found by the jury, entered into exclusive possession of all of the land in controversy, which possession was continued until the filing of this suit. But as stated, the jury found that appellant's possession was not adverse. Appellee, Mrs. Nora Burgess, the widow of J. L. Burgess, testified that on receipt of their deed from J. M. Hatton they entered into possession of the improvements on the 35 acres of land, and that J. M. Hatton pointed out to them on the ground the boundaries of the 35 acres;

that they remained in possession for about two years; that J. M. Hatton and appellant always recognized that she owned this land; that appellant often talked to her of the land, recognizing her title, and many times tried to buy her title; that he never claimed the land as against her but that she always told him that the land belonged to her.

On the issue of adverse possession, the court gave the jury the following instruction: "You are instructed that if you believe from the evidence that at the time the plaintiff, R. M. Hatton, attempted to secure a deed from the defendants, or any of them, he was merely seeking to perfect the record title to said land or to avoid litigation with reference to said land, such effort on Plaintiff's part to secure a deed from defendants would not constitute a recognition that defendants in fact owned said land." Appellant's testimony raised the issues submitted by this charge. This charge was clearly the law. The weight of Mrs. Burgess' testimony, as against appellant, was for the jury. It is the law that an unconditional offer to buy the land amounts to an acknowledgment of title in the person to whom the offer is made, and that a single act of acknowledgment by the limitation claimant is fatal to his limitation claim. 2 Tex.Jur. 138. Whether appellee's testimony was true and constituted an acknowledgment of title was one of fact for the jury. Meaders v. Moore, 134 Tex. 127, 132 S.W.2d 256, 125 A.L.R. 817.

The court did not err in refusing to instruct the verdict in appellant's favor on the ground that the description in the Hatton-Burgess deed was void for want of certainty. The extrinsic evidence located on the ground the improvements referred to in that deed; as against this extrinsic evidence the court could not instruct a verdict.

In their disclaimer, appellees claimed their 35 acres under the following description: "All that tract, lot or parcel of land lying and being situated in Orange County, Texas, and being a part of the Wm. Hatton Preemption Survey of one hundred sixty (160) acres and being thirty-five (35) acres of said survey, and being the same thirty-five (35) acres of land purchased by J. L. Burgess from J. M. Hatton on May 7, 1907, and as shown by a deed appearing in the Deed Records of Orange County, Texas, in Volume 13 at page 213, to which reference is here made. The said thirty-five (35) acres being the same property

formerly occupied by J. L. Burgess and wife, and being the same property pointed out and delivered to them by J. M. Hatton when they took possession thereof on or about May 7, 1907, and after the said J. L. Burgess had purchased the said land from J. M. Hatton as just stated and said thirty-five (35) acres being more particularly described as follows." Here follows a description by metes and bounds of the 35 acres.

There was no plea of an undivided interest, with allegations that they be awarded their 35 acres to include their improvements, on grounds of equitable partition. Appellees simply plead the general description in the Hatton-Burgess deed, claiming 35 acres as being the land conveyed to Burgess by Hatton, pointed out by Hatton to Burgess, and occupied by Burgess, followed by a particular description by metes and bounds. The judgment awarded appellant all the land sued for, describing it by metes and bounds, excepting therefrom the 35 conveyed to J. L. Burgess simply by the description in the Hatton-Burgess deed.

The jury gave an affirmative answer to question No. 9: "Do you find from a preponderance of the evidence that the deed from J. M. Hatton to J. L. Burgess, dated the 7th day of May, 1907, was intended to convey thirty-five (35) acres of land having definite boundaries which could be identified on the ground?"

The jury gave a negative answer to question No. 10: "Do you find from a preponderance of the evidence that the boundaries of the thirty-five (35) acres of land claimed by the Defendants and set out in their Second Amended Answer are identical with the boundaries of the Thirty-five (35) acres of land actually intended to be conveyed by the deed from J. M. Hatton to J. L. Burgess dated the 7th day of May, 1907?"

Notwithstanding the jury found that the land pointed out by J. M. Hatton to J. L. Burgess as the land conveyed by the Hatton-Burgess deed was not the land claimed by appellees in their disclaimer, the award in their favor was simply by the description in the Hatton-Burgess deed, which of itself identified no land. In this respect the judgment does not have support in the pleadings and the verdict. Again, it must be said that the judgment is void for want of certainty. Construing the judgment in the light of the pleadings and the verdict, the sheriff could not put appellees in pos-

session of the land awarded them by the description in the Hatton-Burgess deed, carried forward in the judgment, for the reason that it could not be located on the ground. It follows that the judgment of the lower court must be reversed and the cause remanded for a new trial.

What we have said above must not be construed as a holding by us that appellees, by a proper plea, could claim an undivided interest of 35 acres in the 60 acres of land in controversy; that issue was not plead in the lower court nor made an issue in this court, and is therefore not prejudged.

Reversed and remanded.