Orin E. METCALFE, Appellant,

v.

L. C. McCARTY et al., Appellees.

No. 10466.

Court of Civil Appeals of Texas.

Austin.

March 20, 1957.

Rehearing Denied April 10, 1957.

Tisinger & Sloan, Austin, for appellant.

L. L. Bruhl, Llano, L. Hamilton Lowe, Austin, for appellees.

ARCHER, Chief Justice.

This is an appeal by a surveyor, appellant herein, from the judgment of the District Court fixing his fee for services rendered as a surveyor under order of the court at $500 instead of $1,241, the amount claimed as rightfully due him.

The appointment of the surveyor by the court grew out of a boundary dispute, and made on the motion of plaintiff and not contested by the defendants.

The order dated August 30, 1955, in part reads as follows:

"It is, therefore, ordered, adjudged and considered by the Court that said Mr. Orin E. Metcalfe, Licensed State Land Surveyor, be and he is hereby appointed to make a survey of the boundary line in question between the parties hereto, locating and making the same upon the ground, and filing his report in such manner and form as required by law, and that he be allowed his usual and customary charges therefor."

Pursuant to such order appellant made a survey and filed his report in writing and made a charge of $1,190 for such services together with an additional charge of $51 for court appearance in the trial on its merits, or a total of $1,241.

On the 9th of May, 1956, a judgment was rendered on the merits of the case and fixed a common boundary line between the parties using the Metcalfe field notes; and on the same day a hearing was had in respect to a reasonable allowance to be fixed for the surveyor for his work, and the court fixed such at $500 and ordered such amount to be taxed as costs which judgment was entered on June 25, 1956. The costs were taxed one half against the plaintiff and one half against the defendants, parties in the suit.

L. C. McCarty and Lula McCarty have not appealed.

J. W. Robertson excepted and gave notice of appeal from that part of the judgment dissolving the temporary injunction, but has not perfected such an appeal.

Orin E. Metcalfe, the surveyor, has appealed from the judgment denying him a recovery for the full amount of $1,241.

The appeal is before this Court on one point assigned as error and is:

"The trial court abused its discretion in failing to render judgment for

the full amount of the bill submitted by appellant in the total sum of Twelve Hundred Forty One Dollars ($1241.-00)."

Appellees take the position that, under the law and evidence, the Trial Court had discretion in fixing the amount of the compensation, to be taxed as costs, to be paid the surveyor, and that since there is no statute expressly authorizing surveyor's fees and that the allowance of such fees arises by implication, that only reasonable fees should be allowed.

■ We overrule appellees' contention that appellant does not have the necessary status as a party litigant to maintain this appeal.

We believe that the appellant has the necessary status as a party litigant to maintain the appeal. He was allowed to intervene by an order of the Trial Court dated August 2, 1956, in which order appellant was declared to be a party litigant. In the final order fixing the surveyor's fee at $500 it was noted that the surveyor objected, excepted and gave notice of appeal.

3–A Texas Jurisprudence 1421, Sec. 104; Sun Pipe Line Company v. Wood, Tex.Civ. App., 129 S.W.2d 704.

The contention of appellant is that since the order appointing the surveyor provided that he be allowed his usual and customary charges, the court had contracted with the surveyor on behalf of the parties to pay him this amount, and that the court did not have discretion to set the charges in this instance at a lower amount than that claimed by appellant, and that the only inquiry is whether or not the fee presented is the surveyor's usual and customary fee.

Appellant makes the further claim if in event the court had discretion to determine the amount of the surveyor's fees, it has abused its discretion.

There is no question as to the time the surveyor put in on the survey, either in the field or in the office, nor is there in question as to the quality of work performed. The field notes made by appellant were used in the judgment.

It appears that other surveyors had run the lines and that such were unsatisfactory, and on motion of Mr. Robertson the court appointed Mr. Metcalfe.

On a hearing had to fix the fee for the surveyor the appellant testified as to his long tenure as a surveyor and that the amount of the bill submitted and the charges made were his usual and customary charges and that such were reasonable.

The surveyor detailed the amount of work necessary to be done in making the survey, because of the uneven terrain, and the necessity for many short measurements.

James S. Cope, Junior Engineer, employed by Metcalfe Engineering Company testified that the time claimed in the bill was actually put in, and as to the performance of the work.

W. E. Seaholm, testified that he was familiar with surveying work done by Mr. Metcalfe and that Mr. Metcalfe was unusually well qualified, and that the charges made were reasonable.

On cross-examination Mr. Seaholm was asked if he knew several named surveyors and answered that he knew of some of them but did not know what their charges would be.

Mr. Metcalfe testified at the trial on the merits, such testimony is long and we will not restate it here.

L. C. McCarty, defendant in the suit on the merits, testified that he had two surveyors work on the lines and paid one of them $184 for a survey made in one day, and later on paid the same surveyor $188, and still later on had another surveyor survey the same territory and paid him $214.36 and the time was a fraction of a day, and thought the prices charged and paid were fair for the work they did.

A statement was made that the charge for the whole Murchison Subdivision was $751.

The trial judge stated that he thought that the fee, as far as he was legitimately authorized to fix, at most, would be $500 that could be taxed as costs.

■ Since there was no direct testimony controverting the reasonableness of the surveyor's claim and there was testimony that the claim was the usual and customary charge made by the surveyor, and supported by other testimony that such charges were reasonable, the court was not authorized to fix the charges at and allow only $500.

As far back as 1906 it was held that $20 per day was not unreasonable for a surveyor. Harris County Irrigation Company v. Hornberger, 42 Tex.Civ.App. 450, 94 S.W. 145, Tex.Civ.App.

■ There is no statute expressly authorizing surveyor's fees, such fees should be fixed and allowed on a reasonable basis taking into consideration the circumstances in the case, the charges made, the type of work to be performed, and the evidence offered in support thereof and in opposition thereto.

The judgment of the Trial Court is reversed and judgment here rendered for appellant for $1,241, the amount claimed.

Reversed and rendered.

GRAY, Justice (dissenting).

I disagree to a limited extent with the holding of the majority. There is no explanation of the charge of $51 other than that it was "for court appearance in the trial." The order makes no provision for the payment of fees for such appearance and there is no suggestion such appearance was made by reason of any contract to appear as an expert witness. This amount should be deducted from the total charge.

It is my opinion that the words "his usual and customary fees" used in the order must be construed to mean "the" usual and customary fees charged by licensed land surveyors for doing the same or similar kind of work as was done by appellant. The amount of appellant's charges must be sustained if at all by evidence showing that the fees charged meet the test of being the usual and customary fees charged by licensed land surveyors for doing the same or similar work. This was a question for the trial court and he no doubt resolved it against appellant. The most that the evidence referred to in the majority opinion can be construed to mean is that the charges were reasonable. Mr. Seaholm said he did not know what charges were made by other named surveyors and appellant did not testify to charges made by others. The order makes no reference to "reasonable charges."

It is my opinion that the record does not contain evidence sufficient to justify this Court's rendition of a judgment for appellant. Accordingly I would reverse and remand the cause.

On Appellees' Motion for Rehearing

HUGHES, Justice.

In addition to the order appointing Mr. Metcalfe (made on plaintiff's motion and not contested) to survey the boundary lines involved set out in the opinion of Chief Justice ARCHER, the Court below on June 12, 1956, entered an order setting a hearing for June 25 for the purpose of "fixing and determining the fee to be allowed and taxed as costs for the compensation of the surveyor" and the Court's final judgment recited and decreed as follows:

"And also, came the parties and Orin E. Metcalfe the surveyor appointed by the Court to make the survey

herein, and the Court heard the parties and the surveyor in respect to a reasonable allowance to be allowed surveyor for his work, and to be taxed as costs herein, and the court having heard such matter is of the opinion and finds that $500.00 is a reasonable sum to be allowed the surveyor and taxed as costs herein."

Mr. Metcalfe testified:

"Q. All right. Now, this order which appointed you, Mr. Metcalfe, says that you are to be allowed your usual and customary charges therefor. Now, are these hourly rates and the mileage rates that you have set up here, are they for the period in question your usual and customary charges, or are they not? A. Customary charges.

"Q. Do you charge everybody else the same. A. Yes, sir.

\*　\*　\*　\*　\*　\*

"Q. And are you familiar with what other Surveyors, competent Surveyors in Central Texas, have charged and do charge for the period in question? A. Not perfectly familiar.

"Q. I don't mean perfectly familiar, but are you generally familiar with what your competitors charge? A. Best Surveyors charge about the same as I do.

"Q. In other words, you are saying that these charges are not only customary with you, but they are customary with other Surveyors of like ability? A. Yes, sir.

"Q. In your opinion, are these charges reasonable? A. Yes, sir."

Mr. W. E. Seaholm, a consulting engineer of Austin, testified that the pay scale used by Mr. Metcalfe for himself and crew were usual and reasonable.

Mr. Metcalfe also testified, without dispute, that he considered himself as being employed by all parties and as giving evidence for all parties.

■ We have read the statement of facts and find no evidence that the fees and expenses charged by Mr. Metcalfe were unreasonable or were not his usual and customary fees and charges. On the contrary, we find the evidence to be undisputed that the fees and charges were his usual and customary fees and charges and that they were reasonable. If, as appellee asserts in his motion, there is conflicting evidence on this issue then we believe he is duty bound to brief it.

■ As to the $51 charge for testifying and travel expense it is our opinion that this item or issue was either within the scope of the order of Mr. Metcalfe's appointment or that it was tried by consent of the parties, and in the absence of any objection thereto either in the trial court or in this Court that we should not delete it.

■ Appellee says there are no pleadings to support the judgment. There were no objections made below or in appellee's brief herein to any lack of pleadings on the issues presented and in our opinion it is too late to make them now. Rule 90, Texas Rules of Civil Procedure.

■ We think it wholly immaterial that the surveying expenses were "taxed" as costs. When collected as costs or by execution they belong to Mr. Metcalfe and the result is the same. Johnson v. Universal Life and Accident Insurance Company, 127 Tex. 435, 94 S.W.2d 1145.

The motion is overruled.

Motion overruled.