AMERICAN CASUALTY AND LIFE IN-SURANCE COMPANY, Appellant,

v.

Jack T. BOYD, Appellee.

No. 127.

Court of Civil Appeals of Texas.

Tyler.

Sept. 16, 1965.

Rehearing Denied Oct. 7, 1965.

John F. Maxfield, Stigall & Maxfield, Dallas, Tracy Crawford, Ramey, Brelsford, Flock & Devereux, Tyler, for appellant.

Robert S. Boulter, Boulter, Fowler & Tunnell, Tyler, for appellee.

DUNAGAN, Chief Justice.

The judgment heretofore entered on July 8, 1965, is set aside and the original opinion is withdrawn. This opinion is substituted for the original.

This suit was filed on the 17th day of July, 1963, in the County Court of Smith County, Texas, by appellee, Jack T. Boyd, against appellant, American Casualty and Life Insurance Company, to recover from said company the amount of premiums collected by appellant for insurance coverage

on appellee's former wife, Opal I. Boyd, and paid by him to appellant after he allegedly requested appellant to remove said former wife, Opal I. Boyd, from said policy of insurance, which policy of insurance was purchased from appellant during the marriage of Jack T. Boyd and Opal I. Boyd to each other. In addition, appellee sought recovery for an alleged loss under the policy of insurance.

The matter was submitted to the court without the aid of a jury and judgment was rendered for appellee on the 16th day of November, 1964, for $345.00, for the premium payments collected by appellant for insurance coverage on Opal I. Boyd since January, 1959.

The record reflects the following course of procedure in the trial court:

(1) September 25, 1964, pursuant to defendant's motion requesting that the plaintiff be required to give additional security for costs, the trial court ordered and directed plaintiff to give additional security for costs in the sum of $100.00.

(2) November 24, 1964, appellant filed with the clerk of the trial court its notice of appeal to this court from the judgment of November 16, 1964.

(3) December 16, 1964, appellant filed its supersedeas and appeal bond.

(4) Pursuant to defendant's motion seeking dismissal of the cause of action alleging therein that the plaintiff had not complied with the court's order requiring additional security, the following order was entered from which no appeal was taken:

"NO. 12,456

| JACK T. BOYD | IN THE COUNTY COURT AT LAW |
| VS. | OF |
| AMERICAN CASUALTY AND LIFE INSURANCE COMPANY | SMITH COUNTY, TEXAS |

ORDER OF DISMISSAL

Came on to be heard the motion of the defendant, American Casualty and Life Insurance Company, to dismiss this cause for failure of the plaintiff, Jack T. Boyd, to comply with a previous order of this Court requiring additional security for costs, and the Court, being of the opinion that such motion is well taken and that the previous order of the Court entered the 16th day of November, 1964, should be set aside and held for naught.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the previous Order of the Court entered on the 16th day of November, 1964, be vacated, rescinded, cancelled, set aside and held for naught.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this cause be dismissed at plaintiff's cost, for which let execution issue.

SIGNED this 14th day of December, 1964.

Motion Denied.

/S/ R. M. Hutchins
Judge Presiding"

The difficulty with this order is that it contains a provision granting the motion for dismissal and setting aside the judgment of November 16, 1964, and also a provision denying said motion. It is obvious on the face of the purported order that these provisions are wholly uncertain and contradictory.

In 49 C.J.S. Judgments § 72, page 191, is found this statement:

"A judgment must be definite and certain in itself, or capable of being made so by proper construction. It must fix clearly the rights and liabilities of the respective parties to the cause, and be such as defendant may readily understand and be capable of performing, * * *. Where the record entry is wholly uncertain, repugnant, or contradictory, the judgment is at least erroneous, and it may be void. * * *"

The following Texas cases are cited in support of this statement: Hatton v. Burgess, 167 S.W.2d 260, (Tex.Civ.App.) 1942, writ refused, w. m.; Burrage v. Hunt Production Co., 114 S.W.2d 1228, (Tex.Civ. App.) 1938, writ dismissed; McCombs v. Red, 86 S.W.2d 648, (Tex.Civ.App.) 1935, writ dismissed.

It is stated in 33 Tex.Jur.2d, page 529, Sec. 34 that:

"A judgment must be sufficiently definite and certain to define and protect the rights of all litigants or it must provide a definite means of ascertaining such rights, to the end that ministerial officers can carry the judgment into execution without the ascertainment of facts not therein stated." Also see Steed v. State, 143 Tex. 82, 183 S.W.2d 458, 1944.

It is held by our courts that the very object of a suit is to have the court adjudicate and clearly determine and declare the respective rights of the parties, to the end that the ministerial officers can with certainty carry into execution the judgment of the court without ascertainment and determination of facts not stated in the judgment. Hendryx v. W. L. Moody Cotton Co., 257 S.W. 305, (Tex.Civ.App.) 1923, n. w. h.; Spiva v. Williams, 20 Tex. 442.

A purported judgment which leaves undecided a question or issue essential to the determination of the controversy between the parties is bad for vagueness and uncertainty. Fort Worth Acid Works v. City of Fort Worth, 248 S.W. 822, (Tex.Civ.App.) 1923, affirmed 259 S.W. 919; Arno Co-Operative Irr. Co. v. Pugh, 177 S.W. 991, (Tex.Civ.App.) 1915, affirmed in part and reversed in part on other grounds, Tex. Com.App., 212 S.W. 470.

This purported order is utterly unintelligible on its face; Wells v. Stonerock, 120 Tex. 287, 37 S.W.2d 712, 1931, and we hold that it is a nullity and it has no legal force and effect.

We will next consider appellant's complaints lodged to the judgment of November 16, 1964, disposing of the controversy between the parties, upon which this appeal is predicated.

Appellant submits a number of propositions, but the view we take of the case we need consider only one question complained of and that is the refunding of premiums voluntarily paid to appellant by appellee, Jack T. Boyd, for insurance coverage by appellant on Opal I. Boyd, where it has not been alleged or proven to have been paid under protest, coercion, duress, fraud, compulsion, or mistake of fact.

The evidence presented in the trial court shows that sometime prior to the 24th day of January, 1963, the appellant issued a policy of insurance to Jack T. Boyd and Opal I. Boyd, his wife, upon their application. It was further shown that on about the 24th day of January, 1953, that another policy was issued to Jack T. Boyd and Opal I. Boyd, at their request, in lieu of the original policy. Apparently appellee lost the original policy and this duplicate policy was issued on the 1st day of May, 1958, which date of issue was subsequent to the dissolution of their marriage by a divorce decree on the 10th day of February, 1958. It was admitted upon the trial of this cause that neither the property settlement nor the judgment of divorce mentioned the policy of insurance issued by appellant, which is in issue.

During all the time subsequent to the divorce and up to the time of trial, appellee Jack T. Boyd paid monthly the premiums on the insurance policy covering himself and his former wife, Opal I. Boyd. There is no evidence that he ever paid under protest, coercion, duress, fraud, compulsion, or mistake of fact; only that on two or three occasions over a five-year period he or his representatives would ask appellant to delete his former wife, Opal I. Boyd, from the policy, which appellant explained could not be done without the permission of Opal I. Boyd. Sherrill Little, who was called as a witness for plaintiff, and who also was an agent for the appellant in Tyler, Texas, from sometime in 1946 until April, 1960, testified that on or about the 7th day of November, 1958, he wrote a memorandum to appellant, his then employer, stating that appellee, Jack T. Boyd, had requested that separate policies be issued on Jack T. Boyd and Opal I. Boyd. On the 21st day of November, 1958, the appellant wrote appellee in answer to such inquiry that it wished to advise that they no longer issued the particular policy desired, but suggested other policies in lieu thereof. Little further testified that on December 16, 1958, he wrote a memorandum which he sent to appellant, the material part being as follows:

"To: C. Waterbury

"From: Tyler—Little

Date: December 6th, 1958

Subject: Jack T. Boyd
Policy no. 108;016;588

"The above named insured was in our office this morning and paid his premium on the above numbered policy. Mr. Boyd states that he will keep the above numbered policy on both he and his wife * * *.

"Thanks

"Sherrill Little"

———◆———

The policy referred to in this memorandum is the one now in controversy. Nothing further was received from appellee until the 16th day of August, 1961, when appellee requested that Opal I. Boyd be taken from the policy of insurance in issue, and that his present wife be added to it. Nor is there any evidence that any judicial relief was sought before the 17th day of July, 1963, the date this suit was filed, although the appellant's position was well-known to appellee long prior thereto.

■ Appellee has not filed a brief and did not avail himself of oral argument. He has not challenged in any manner the statements in appellant's brief relative to the facts and the record. The Court of Civil Appeals must assume as true all facts stated by appellant in its brief and render judgment in conformity therewith. Rule 419, Texas Rules of Civil Procedure; Traweek v. Shields, Tex.Civ.App., 380 S.W.2d 131, 1964, no writ history; Gonzales v. Gonzales, 224 S.W.2d 520, (Tex.Civ.App.) 1949, writ refused; Coates v. Coates, 355 S.W.2d 260, (Tex.Civ.App.) 1962, n. w. h.; Rancher v. Franks, 269 S.W.2d 926, (Tex.Civ.App.) 1954, n. w. h.; Hartford Fire Insurance Co. v. Owen, 272 S.W. 611, (Tex.Civ.App.) 1925, writ refused. However, we have checked the references in appellant's brief and find them to be correct.

■ It has been well established in this state that money voluntarily paid, with full knowledge of all the facts, and without fraud, deception, duress, or coercion, cannot be received back, although it was paid upon a void or illegal demand, or upon a claim which had no foundation in fact, and was paid without consideration. Gibson v. General American Life Insurance Company, 89 S.W.2d 1070, (Tex.Civ.App.) 1936, writ dis-

missed; Collins v. Kelsey, 97 S.W. 122, (Tex.Civ.App.) 1906, n. w. h.; Ward v. Tadlock, Tex.Civ.App., 183 S.W.2d 739, n. w. h.; Pennell v. United Insurance Company, 150 Tex. 541, 243 S.W.2d 572, 1951; Burnett v. Masonic Grand Chapter of the Order of Eastern Star, 369 S.W.2d 513, (Tex.Civ.App.) 1963, n. w. h.; 44 Tex. Jur.2d, p. 740, Sec. 72.

Appellee did not plead or prove that his payments were made because of any fraud, deception, duress, coercion or compulsion on the part of appellant and the burden to do so is on him. The evidence shows that appellee was familiar with all the facts.

■ Therefore, since appellee does not allege, nor has he proven, that he paid any of the premiums which he seeks to recover because of any mistake of fact, or because of any fraud, deception, duress or coercion, then it is apparent that he made the payments solely as a volunteer and he cannot recover any such payments from appellant.

For the reasons herein stated, judgment of the trial court is reversed and rendered for the appellant.

ON MOTION FOR REHEARING

Appellee has filed his Motion for Rehearing in which he complains of this court's holding that he could not recover insurance premiums theretofore paid, since he had voluntarily paid the excess premiums. He asserts that the point was raised for the first time by appellant on appeal and therefore should not be considered by this court.

In the trial court, appellant vigorously contested the right of appellee to recover the premium payments sued for. The trial court rejected appellant's contentions and rendered judgment allowing appellee to recover for the alleged excess premium payments.

From this judgment appellant timely gave its notice of appeal to this court, which appeal was duly perfected. By perfecting its appeal and presenting its Points of Error, appellant availed itself of the right to have this court review the judgment rendered by the trial court.

Appellee instituted this suit in part to recover premium payments which he claims were in excess of what he should have paid. He alleged that the original policy he obtained covered his former wife, Opal I. Boyd, and that after he and Opal I. Boyd obtained a divorce, he requested the company to remove the name of Opal I. Boyd from the policy, that the company refused to remove her name, and that he continued to pay $6.50 monthly for her coverage which he should now be entitled to recover.

Even though the trial court based his judgment on the finding that appellee did request and direct the appellant to drop his former wife as insured from said policy of insurance and that appellant should have complied with such request, nevertheless the appellee continued to pay the full premium payment voluntarily with full knowledge of all the facts, and without fraud, deception, duress or coercion; and having done so such payments cannot be received back, although it was paid upon a valid or a legal demand or upon a claim which had no foundation in fact, and was paid without consideration. Gibson v. General American Life Ins. Co., 89 S.W.2d 1070, (Tex.Civ. App.) 1936, writ dismissed; Sanders v. Republic National Bank of Dallas, 389 S.W.2d 551, (Tex.Civ.App.) 1965, no writ history.

We adhere to our original holding that the evidence having shown voluntary payments upon appellee's part that the money paid cannot be recovered except upon averments of mistake of fact, or because of fraud, deception, duress or coercion and the burden of proving the existence of any such ground is upon the person seeking to recover the money. Collins v. Kelsey, 97 S.W. 122, (Tex.Civ.App.) 1906, n. w. h. The appellant did neither in this case.

Moreover, it has been held that matters presented for the first time in a Motion for Rehearing cannot be considered. W. T. Burton Company, Inc. v. Keown Contracting Company, et al., 353 S.W.2d 909, (Tex.Civ.App.) 1961, writ refused, n. r. e.; O. E. Metcalfe v. McCarty, 301 S.W.2d 263, (Tex.Civ.App.) 1957, n. w. h. Appellee's contention is presented for the first time in his Motion for Rehearing. As pointed out in our original opinion, appellee did not file a brief in this case.

Motion for rehearing overruled.