**Virgil Edwin TAYLOR, Relator,**

v.

**Hon. Maryellen HICKS, Respondent.**

**No. 2–85–119–CV.**

Court of Appeals of Texas,
Fort Worth.

June 13, 1985.

Charles Thorne, Hurst, for relator.

Richard Alley, Fort Worth, for respondent.

Before FENDER, C.J., and ASHWORTH and HILL, JJ.

## OPINION ON DENIAL OF WRIT OF MANDAMUS

PER CURIAM.

Relator seeks a writ of mandamus ordering the trial judge in a divorce case to set aside an order which granted a new trial.

We find that no final judgment has been rendered in such divorce case and therefore, deny the writ of mandamus.

The record shows that a divorce judgment was entered and signed on September 20, 1984. Thereafter, the wife filed a motion for a new trial which was denied by the trial court on December 20, 1984. The order denying a new trial contained these words modifying the prior decree of September 20, 1984:

Ordered that Respondent's Motion for New Trial is overruled except that Respondent shall receive a credit of Four Hundred and NO/100 Dollars ($400.00) on the amount owed by Respondent to Petitioner, said credit to apply to the Twelve Thousand Dollars ($12,000.00) to be paid by Respondent to Petitioner, if she purchases the two (2) acres for Twelve Thousand Dollars ($12,000.00) from Petitioner, Respondent loses this credit if she fails to purchase said two (2) acres.

On January 25, 1985, a reformed decree of divorce was signed on the wife's motion. This last decree likewise provided for the credit of $400.00 on the amount owing by respondent (wife) to petitioner (husband) in the event respondent purchased the two acres in question. On February 24, 1985, respondent filed a motion for new trial which was granted on April 1, 1985. This April 1, 1985, order granting new trial is the order which relator seeks to have set aside.

■ There is no way to determine the rights and obligations of the parties to the divorce suit without going outside of the record. There is no way to ascertain from the judgment itself the amount owed by respondent to petitioner; such amount is conditioned on the purchase of the two acres by respondent, requiring ascertainment of facts outside the judgment.

■ A judgment must be sufficiently definite and certain to define and protect the rights of all litigants or it should provide a definite means of ascertaining such rights, to the end that ministerial officers can carry the judgment into execution without the ascertainment of facts not therein stated. *Steed v. State*, 143 Tex. 82, 183 S.W.2d 458, 460 (1944); *American Casualty and Life Insurance Co. v. Boyd*, 394 S.W.2d 685, 688 (Tex.Civ.App.—Tyler 1965,

no writ). A purported judgment which leaves undecided a question or issue essential to the determination of controversy between parties is bad for vagueness and uncertainty. *Id.* at 686. A judgment may not rest upon what may or may not occur after its rendition, and must take its validity from the action of the court and not from what persons may or may not do after the court has rendered the judgment. *Roberts v. Brittain,* 659 S.W.2d 750, 751 (Tex.App.—Tyler 1983, no writ); *Tully v. Tully,* 595 S.W.2d 887, 888 (Tex.Civ.App.—Austin 1980, no writ).

Since no final judgment has been rendered in this cause, jurisdiction of the same remains vested in the trial court. Relator's application for writ of mandamus is denied.