RAY STEED AND LESLIE WRAY V. THE STATE OF TEXAS.

No. A-214.  Decided November 1, 1944.
(183 S. W., 2d Series, 458.)

*Herbert Line* and *Robert Vance,* both of Texarkana for petitioners.

*Weldon Glass* and *L. C. Boswell,* both of Texarkana, for respondent.

MR. JUSTICE SHARP delivered the opinion of the Court.

This proceeding was instituted by petition under the provisions of the Juvenile Delinquency Act, Article 2338-1, Vernon's Annotated Civil Statutes, against Ray Steed and Leslie Wray. It was alleged that both petitioners were delinquent male children of sixteen years of age. Upon a verdict of a jury, finding the defendants to be delinquent children, the trial court rendered judgment committing them to the State Juvenile Training School for Boys at Gatesville, Texas, for an indeterminate period, not to exceed their twenty-first birthday. Upon appeal to the Court of Civil Appeals for the Sixth Supreme Judicial District, the judgment was affirmed. 180 S. W. (2d) 446.

The act relied upon by the State to show delinquency was rape. The alleged facts were abundantly proven, and no question has arisen relative to that phase of the case.

The sole question presented by petitioners to this Court is whether the defendants' motion for an instructed verdict and motion for new trial were sufficiently specific, under our Rules, to raise the point of the failure of the State to make proof of the ages of the defendants.

Defendants moved for an instructed verdict, based upon the following ground: "Because the evidence does not establish that the defendants are delinquent juveniles, as that term is defined in Section 3 of the delinquent child act."

Section 3 of the Act reads:

"The word 'court' means the 'Juvenile Court.' The word 'Judge' means the Judge of the Juvenile Court. The term 'delinquent child' means any female person over the age of ten (10) years and under the age of eighteen (18) years and any male person over the age of ten (10) years and under the age of seventeen (17) years:

"(a) who violates any penal law of this state of the grade of felony;

"(b) or who violates any penal law of this state of the grade of misdemeanor where the punishment prescribed for such offense may be by confinement in jail;

"(c) or who habitually violates any penal law of this state of the grade of misdemeanor where the punishment prescribed for such offense is by pecuniary fine only;

"(d) or who habitually violates any penal ordinance of a political subdivision of this state;

"(e) or who habitually violates a compulsory school attendance law of this state;

"(f) or who habitually so deports himself as to injure or endanger the morals or health of himself or others;

"(g) or who habitually associates with vicious and immoral persons." (Laws 1943, p. 313, ch. 204; Vernon's Civ. Stat. Art. 2338.)

In their motion for new trial the defendants complained (1) of the court's refusal to grant their motion for an instructed verdict, and (2) because "The verdict is not supported by the evidence." The same reason was given under each assignment as was urged in the motion for peremptory instruction, namely, "Because the evidence does not establish that the defendants are delinquent juveniles, as that term is defined in Section 3 of the delinquent child act." The trial court overruled the motion for new trial.

In the Court of Civil Appeals the defendants for the first time urged a specific point to the effect that the evidence wholly failed to establish that they were over the age of ten years and under the age of seventeen years. The Court refused to consider said point, because the objections in the trial court upon which it was predicated were not sufficiently specific to point out the asserted error to the trial court, citing Rules 268 and 322, Texas Rules of Civil Procedure.

In the recent case of Dendy v. Wilson, 142 Texas 460, 179 S. W. (2d) 269, this Court had occasion to pass upon the validity of the Juvenile Delinquincy Act. It was there upheld as against various constitutional objections, this Court saying:

"This Act does not undertake to convict and punish a child for the commission of a crime. It defines a 'delinquent child,' and this definition furnishes the basis for proceedings against such a child under the Act. The only issue to be determined at the trial is whether the juvenile is a 'delinquent child' within the meaning of the Act."

At another place in the same opinion, it was said:

"The Act does not require a minor to testify against himself in a proceeding under same, and it does not require the trial court to follow the rules of civil procedure in taking testimony in the trial of such cases. *We think, however, that the whole Act discloses that the Legislature intended that proceedings instituted thereunder should be governed, as far as practicable, by the rules relating to civil procedure.*" (Italics supplied.)

In consequence, the nature of the proceeding against youths alleged to be delinquent, whether civil or criminal, is no longer an open question. The Legislature has made it abuntantly clear that this is a civil matter, and this Court has followed the plain legislative intent. It follows from this conclusion, and the above quoted holding of this Court, that the rules of procedure relating to civil actions are applicable in this case.

■ Passing on to the question whether the objections urged in the instant case met the requirements of the Rules of Civil Procedure, we agree with the Court of Civil Appeals that the basis of the objections was not sufficiently specific. It will be noted that there are two elements, both of which must be present, which are necessary before a person is a delinquent child. First, he or she must be within the age limits set by Section 3 of the Act, and second, he or she must have committed one of the enumerated acts. The objections leveled in this case could as well have been taken to mean that the evidence did not show that the defendants had committed the act upon which the delinquency was based.

Rule 268 provides: "A motion for directed verdict shall state the specific grounds therefor." Rule 322 provides in part: "Grounds of objections couched in general terms—as that * * * the verdict of the jury is contrary to law, and the like—shall not be considered by the court." We agree with the Court of Civil Appeals that these Rules were not complied with in this case.

This record presents a question which is specifically covered by the following language of the Act under consideration:

"Whenever the court shall commit a child to any institution or agency, it shall transmit with the order of commitment, a summary of its information concerning such child and give in the order of commitment the birth date of the child or attach thereto a certified copy of the birth certificate."

The pertinent part of the trial court's judgment reads: "And it appearing to the Court after consideration of all matters pertaining thereto, that the best interest of said juveniles will be served by committing said juveniles to the State Juvenile Training School for Boys at Gatesville for an indeterminate period not to exceed beyond their twenty-first birthday, and that said defendants now come under the jurisdiction of said Court and shall continue under its care, guidance and control until they become twenty-one years of age, unless discharged prior thereto."

■ The judgment is uncertain and indefinite as to when the minors should be discharged from the State Juvenile Training School for Boys at Gatesville, in that it does not state the dates of their twenty-first birthdays. Nor does it contain any other data from which it could be determined when the term of their commitment would end. It would serve no useful purpose to direct the trial court to correct this error in the judgment as provided for in Rule 434, because there was no testimony, as reflected by this record, introduced before the trial court from which such information could be ascertained. The law requires that: "A judgment must be sufficiently definite and certain to define and protect the rights of all litigants, or it should provide a definite means of ascertaining such rights, to the end that ministerial officers can carry the judgment into execution without ascertainment of facts not therein stated." 25 Tex. Jur., pp. 456, 457, sec. 84; Tex. Jur. Supp. 1939, p. 641, sec. 84. It therefore appears that the foregoing quoted provisions of the law have not been complied with.

The judgments of the trial court and Court of Civil Appeals are reversed, and this cause is remanded to the trial court for further proceedings.

Opinion delivered November 1, 1944.