**Theodore JOINER, Jr., Appellant,**

**v.**

**STATE of Texas, Appellee.**

**No. 5213.**

Court of Civil Appeals of Texas, Waco.

April 19, 1973.

———◇———

Jones, Francis & Youts, Waco, for appellant.

Martin Eichelberger, Dist. Atty., Randall Sellers, Asst. Dist. Atty., Waco, for appellee.

VIC HALL, Justice.

The State of Texas initiated this proceeding under the provisions of Article 2338–1, Vernon's Ann.Tex.Civ.St., known as the Juvenile Delinquency Act, to have the 16-year old appellant declared to be a delinquent. The State's sole basis for delinquency was that appellant voluntarily killed Wiley Alonzo Scott on July 11, 1972, by stabbing Scott with a knife, and thereby committed the felony offense of murder. Sec. 3 of article 2338–1 provides, *inter alia,* that a male child over the age of ten years and under the age of seventeen years who commits a felony offense shall be a "delinquent child." Trial to a jury resulted in the challenged judgment, rendered on the

verdict, which adjudicates the appellant to be a delinquent child and orders him committed to the Texas Youth Council. We affirm.

In eleven points of error, the appellant asserts:

(1) The evidence is legally insufficient and (2) factually insufficient to support the finding that Scott is dead.

(3), (6), (10), (11) The court erred in requiring the jury to find whether or not appellant was a delinquent child, and in failing to require a specific finding of whether appellant was guilty or not guilty of the offense of murder, because the question of appellant's delinquency is a question of law for the court.

(4) The court commented on the weight of the evidence by assuming in its charge that "a murder had in fact been committed."

(5) The court erred in failing to instruct the jury on the lesser offenses of assault with intent to murder and aggravated assault, which are included in a charge of murder.

(7) The court erred in failing to charge the jury upon the presumption of innocence, and erroneously placed the burden of proof upon appellant.

(8), (9) The court erred in overruling appellant's motions to have the question of his punishment and his application for probation submitted to the jury.

It is not the purpose of a proceeding under the Juvenile Delinquency Act to convict and punish a child for a crime. Dendy v. Wilson, 142 Tex. 460, 179 S.W.2d 269, 273 (1944). Rather, as expressed in Sec. 1 of the Act, its purpose is to secure for each child under its jurisdiction such care, guidance and control as will serve the child's welfare and best interest. Proceedings thereunder are civil, not criminal, in nature; Carrillo v. State (Tex.

Sup., 1972), 480 S.W.2d 612, 615; and are governed as far as practicable by our rules of civil procedure. Brenan v. Court of Civil Appeals, Fourteenth Dist. (Tex.Sup. 1969), 444 S.W.2d 290, 292. The single question to be determined at the trial is whether the juvenile is a "delinquent child" within the meaning of the Act. Steed v. State, 143 Tex. 82, 183 S.W.2d 458, 459 (1944).

After charging the jury in abstract fashion upon the offense of murder, and upon other matters not pertinent here, the court instructed the jury as follows:

> "Now, keeping in mind the foregoing instructions, if the State has established to your satisfaction, beyond a reasonable doubt, that on or about the 11th day of July, A.D.1972, and prior to the filing of the petition in this case, Theodore Joiner, Jr., was a male child over the age of ten (10) years and under the age of seventeen (17) years and that in the County of McLennan, State of Texas, Theodore Joiner, Jr., did voluntarily kill Wiley Alonzo Scott by stabbing him with a knife, as set forth in the petition, then you will say by your verdict that Theodore Joiner, Jr., is a delinquent child; but if you do not so believe from the evidence, then you will say by your verdict that the said Theodore Joiner, Jr., is not a delinquent child."

> "* * *.

> "You may use the following forms for your verdict with respect to the matter of delinquency or non-delinquency of Theodore Joiner, Jr., of the charge in the petition:

> "We, the jury, find Theodore Joiner, Jr., is a delinquent child.

> —————————
> Foreman.

> "We, the jury, find Theodore Joiner, Jr., is not a delinquent child."

> —————————
> Foreman."

The jury used the first form provided for its verdict and found that appellant "is a delinquent child."

The record shows that on July 11, 1972, appellant was extremely upset toward Scott because of an assault made by Scott and others on appellant's sister a few days earlier. On the day in question appellant "cornered" Scott in a hallway and stabbed him in the chest with a "butcher knife." Immediately before stabbing Scott, appellant said, "I am going to kill this ——— ———— . I don't give a ———— ———— what you say. I'm going to kill this ———— ———— today." After he was stabbed, Scott "grabbed himself in the chest" and began "turning" and "wobbled" and "bobbled around * * * like a chicken or something fluttering when you kill them." Blood was "gushing" through Scott's hands. A few hours later an autopsy was performed on Scott's body by the resident pathologist at Hillcrest Baptist Hospital. The pathologist concluded that a "penetrating wound of the chest" which caused "a laceration of the anterior portion of the ventrical of the heart" was the cause of death. He expressed the opinion that the nature of the wound received by Scott "could conceivably be caused by a knife."

■ The evidence we have recited is legally sufficient to support a finding that Scott is dead. A review of the entire record convinces us that the finding is not against the great weight and preponderance of the evidence. Moreover, while the record supports a finding that appellant murdered Scott, there is no evidence that appellant committed or intended to commit only an assault with intent to murder or an aggravated assault. Accordingly, we overrule appellant's first, second and fifth points of error.

■ Sec. 13(b) of article 2338–1 provides that when a question of delinquency of a child is tried to a jury "the verdict shall state whether the child is a 'delinquent child'." Under the court's instruc-

tions in the case before us, the jury was not permitted to find appellant to be delinquent unless they first found from the evidence "beyond a reasonable doubt" that he had murdered Scott as charged by the State. Appellant's third, sixth, tenth and eleventh points are overruled.

If a child is found to be delinquent, then it is the duty of the court, not the jury, to place the child on probation "[or] make such further disposition as the court may deem to be for the best interest of the child." Sec. 13, Art. 2338–1. Points of error eight and nine are overruled.

Appellant did not request a charge to the jury on the presumption of innocence. And he did not, in his objections to the court's charge, specify where therein he believed the burden of proof had been placed on him or where the court assumed that appellant killed Scott. Those complaints are therefore waived. Rules 274 and 279, Vernon's Tex.Rules Civ.Proc. We overrule the fourth and seventh points of error.

The judgment is affirmed.