**Betty Ruth Roberts GWARTNEY, Appellant,**

v.

**DAHLIN & FITCH et al., Appellees.**

**No. 17828.**

Court of Civil Appeals of Texas, Fort Worth.

May 12, 1977.

Rehearing Denied June 16, 1977.

Parnass & Fowler, and Laird H. McNeil, Irving, for appellant.

Goldsmith & McClure, and Ben McClure, Fort Worth, for appellees.

## OPINION

HUGHES, Justice.

Betty Ruth Roberts Gwartney (Gwartney) appealed an order awarding intervenors, Dahlin and Fitch, accountants, and Don E. Burdette (Burdette), attorney, fees for accounting and legal services. Intervenors said these services were rendered to the community estate of Gwartney and her former husband, Thomas Bird Roberts (Roberts). Intervenors intervened in a suit brought by Roberts in the 211th District Court of Denton County to compel Gwartney to comply with transfer of properties as ordered by a divorce judgment entered in the 16th District Court of Denton County.

We are only concerned with the intervention in this appeal. Trial court entered judgment for Burdette in the sum of $13,-475.00 and for Dahlin and Fitch in the sum of $2,250.00 against Gwartney. Trial court ordered these sums paid out of funds in the registry of the court in Gwartney's name. (Gwartney's part of the proceeds of certain realty belonging to Gwartney and Roberts.)

We reverse and remand.

Gwartney appealed on the grounds that there was no competent evidence introduced at the trial to support assessing of monetary liability. Further, Gwartney states that such assessment was based on a former judgment which was vague, indefinite and obscure to the extent of being unenforceable.

The divorce judgment and property settlement to which it alluded, and which it incorporated, were not formally marked as exhibits in this cause. However, pages 80 and 81 of the statement of facts reflects an offer by attorney Goldsmith of the property settlement agreement and inventory and appraisement of Gwartney and her former husband into evidence and an admittance by the court of same. The court referred to the divorce judgment throughout the statement of facts, as did the parties.

The divorce judgment incorporated and adopted the property settlement. The property settlement recited: "The parties hereto mutually agree that the professional and accounting fees expressed by HUSBAND in his inventory are community debts, *the amount of which is undetermined at this point in time*, and it is further agreed that the parties hereto shall share equally the obligation of paying *reasonable* legal and accounting fees *presently* owing by the community." (Emphasis ours.)

The inventory recited in part:

"LIABILITIES

"Professional—
    Legal and accounting _____31,500.00".

The trial court accepted the recitation in the divorce judgment as basis for holding for intervenors in their respective sums and refused to go behind such judgment, holding the same to be true.

Gwartney cited *Steed v. State*, 143 Tex. 82, 183 S.W.2d 458 (1944), which recites: "'A judgment must be sufficiently

definite and certain to define and protect the rights of all litigants, *or* it should provide a definite means of ascertaining such rights, to the end that ministerial officers can carry the judgment into execution without ascertainment of facts not therein stated.' " (Emphasis ours.) Gwartney urged only that part of the definition after the *or* (emphasis ours) in urging Point 2 that the judgment was vague, indefinite and obscure to the point of unenforceability. We disagree. The judgment simply states, in effect, that there are community debts in the form of legal and accounting fees, "amount of which is undetermined at this point in time," and that the parties shall share equally in "paying *reasonable* legal and accounting fees presently owing by the community." We hold that the divorce judgment did protect the rights of the only two litigants therein and specified with certainty that they each owed half of the legal and accounting debts then due. We overrule appellant's point of error number two.

The only testimony in the record as to what Burdette and Dahlin and Fitch did for Gwartney and Roberts was in Gwartney's bill of exception. The trial court accepted the divorce judgment as fully determinative of the intervenors' rights and refused any further evidence thereon.

As stated, the divorce judgment was fully determinative of the rights of Gwartney and Roberts as between themselves but we find that the trial court erroneously theorized that thereby the intervenors could collect their fees without proving them and that they were reasonable. Trial court prevented introduction of any such proof and denied Gwartney the right of cross-examination of the claimants. The interest of justice requires reversal of the case with a remand for further development of the facts. *Gruss v. Cummins*, 329 S.W.2d 496 (Tex.Civ.App.—El Paso 1959, writ ref'd, n.r.e.).

Reversed and remanded.