Elva ROBERTS, Doshia Walker and Roy Walker, Appellants,

v.

Harvey BRITTAIN, et al., Appellees.

No. 12-82-0032-CV.

Court of Appeals of Texas, Tyler.

Oct. 13, 1983.

James P. Kelley, Tyler, for appellants.

Alison I. McLemore, Guy N. Harrison, Mobley, Green, Harrison & Gardner, Longview, for appellees.

McKAY, Justice.

This is an appeal from the denial of a pleading entitled Application for Special Orders and Injunctive Relief In Aid of Enforcement of Judgment. The judgment sought to be enforced was rendered in a boundary dispute between plaintiffs and defendants. Plaintiffs prevailed in the original suit which was tried to the court. Two years later, plaintiffs sought an injunction to enforce the judgment. The injunction was denied. Plaintiffs appeal the denial of the injunction.

The question on appeal is whether the trial court abused its discretion in denying the Application for Special Orders and Injunctive Relief In Aid of Enforcement of Judgment.

The judgment sought to be enforced is indefinite, ambiguous, uncertain and contradictory on its face, and we hold that it is

a nullity and has no legal force and effect. Since the judgment is void, it is unenforceable.

The original suit sought to establish the boundary line between the parties. The judgment states the boundary on the first page of the judgment with one set of metes and bounds. On the second page of the judgment, the boundary is set out with a different set of metes and bounds. A registered public surveyor testified that the judgment gave two different descriptions. The surveyor testified that the two descriptions gave two different boundary lines.

Not only does the judgment describe two different boundary lines, it also contains various options. The judgment is uncertain and indefinite. The judgment provides in pertinent part, as follows:

### OPTION I

The Court ruled that if a fence was to be built by either party that said party could move in *two feet west* from the survey line of Plaintiff's survey by John Cowan and Associates, Surveyors. Then this fence constructed jointly upon agreement by both parties would be a fence that's common and would be the division boundary line between the properties of both parties.

### OPTION II

In the event the parties should not elect to build a fence that is common, then either party or both parties may build a separate fence separated by *six inches,* which means that the fence in Option I will be 2.0 ft. West of the boundary line as established by John Cowan and Associates Surveyors, and the other fence can be no more than six inches East of that fence.

### OPTION III

If there is no fence to be built, the line is going to remain as is, as shown by the John Cowan Survey Boundary between these two properties, the subject of this boundary dispute.

A judgment must be sufficiently definite and certain to define and protect the rights of all litigants, or it should provide a definite means of ascertaining such rights, to the end that ministerial officers can carry the judgment into execution without ascertainment of facts not therein stated. *Steed v. State,* 143 Tex. 82, 183 S.W.2d 458, 460 (1944).

In the case of *American Casualty and Life Insurance Company v. Boyd,* 394 S.W.2d 685, 688 (Tex.Civ.App.—Tyler 1965, no writ), this Court stated that it is held by our courts that the very object of a suit is to have the court adjudicate and clearly determine and declare the respective rights of the parties, to the end that the ministerial officers can with certainty carry into execution the judgment of the court without ascertainment and determination of facts not stated in the judgment.

A judgment may not rest upon what may or may not occur after its rendition, and must take its validity from the action of the court and not from what persons may or may not do after the court has rendered the judgment. *Tully v. Tully,* 595 S.W.2d 887, 888 (Tex.Civ.App.—Austin 1980, no writ).

We hold that the trial court did not abuse its discretion in denying the Application for Special Orders and Injunctive Relief in Aid of Enforcement of Judgment. Appellants' points of error are overruled, and the trial court's denial of the Application for Special Orders and Injunctive Relief in Aid of Enforcement of Judgment is affirmed.