**Norma Mims WATSON, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. A14–84–351CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 10, 1985.

Rehearing Denied Feb. 7, 1985.

Craig A. Washington, Washington & Randle, Houston, for appellant.

Steven D. Peterson, Asst. Atty. Gen., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

**1.** Although Tex.R.Civ.P. 377 was amended effective April, 1984, the wording of section (d) was

OPINION

DRAUGHN, Justice.

Norma Mims Watson appeals her disbarment as an attorney at law, alleging three points of error: (1) insufficient evidence to prove that she failed to carry out a contract of employment under Disciplinary Rule 7–101(A)(2); (2) insufficient evidence that she charged an excessive fee under Disciplinary Rule 2–106; and (3) trial court error in issuing a judgment too indefinite to protect the rights of the litigants involved. We affirm the trial court's judgment.

Before considering appellant's first and second points of error challenging the sufficiency of the evidence, we note that appellant filed only a partial statement of facts with her appeal. The rule allowing a partial statement of facts is Tex.R.Civ.P. 377(d)[1] (Vernon Supp.1984) which states the following:

(d) Partial Statement. If appellant requests or prepares a partial statement of facts, he shall include in his request or proposal a statement of the points to be relied on and shall thereafter be limited to such points. If such statement is filed, there shall be a presumption on appeal that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal. Appellee may designate additional portions of the evidence to be included in the statement of facts.

We support the application of Rule 377(d) because of the need to reduce the volume of material necessary on appeal. However, in the instant case, appellant followed Rule 377(d) only partially: she filed a partial statement of facts but apparently did not file a statement of points to be relied on for appeal. The transcript before us includes no evidence that such a document was ever filed.

This court has previously indicated that an appellant who files a partial statement of facts must comply strictly with the

not altered.

requirements of Rule 377(d) to benefit from its strong presumption that nothing omitted from the record is relevant to the appellant's points of error. *Dresser Industries v. Forscan Corp.*, 641 S.W.2d 311, 315 (Tex.App.—Houston [14th Dist.] 1982, no writ). An appellant who fails to comply must suffer the consequences of the opposite presumption that the omitted portions of the record support the judgment. Accordingly, we overrule appellant's first and second points of error challenging the sufficiency of the evidence, because we presume that the parts of the record not included on appeal contain adequate evidence to prove violations of Disciplinary Rules 7–101(A)(2) and 2–106.

Appellant's third point of error is that the judgment in this case is too indefinite to protect the rights of the litigants involved. In composing the judgment, the trial judge listed comprehensive findings of facts in numbered paragraphs; he then stated in separate paragraphs entitled "Conclusions of Law" that various Disciplinary Rules had been violated. The judgment concludes with detailed instructions to appellant on the steps to be taken to divest herself of her law practice, and it cautions appellant against engaging in certain conduct in the future.

Appellant's complaint seems to be that the judge's conclusions of Disciplinary Rule violations should have been integrated with the findings of fact to show more definitely in what manner her conduct violated the rules. She alleges that this defect rendered the judgment ambiguous, indefinite, and therefore unenforceable. *Roberts v. Brittain*, 659 S.W.2d 750 (Tex. App.—Tyler 1983, no writ). We disagree. The judgment as a whole is quite specific and unambiguous. The detailed findings of fact make the violations of the Disciplinary Rules abundantly clear, and further integration is unnecessary. We overrule appellant's third point of error.

We affirm the judgment of the trial court.