

# The Attorney General of Texas

November 14, 1985

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. W. S. McBeath
Administrator
Texas Alcoholic Beverage
   Commission
P. O. Box 13127
Austin, Texas    78711

Opinion No. JM-380

Re: Whether a justice of the peace or municipal court has jurisdiction to try a misdemeanor offense under chapter 106 of the Texas Alcoholic Beverage Code filed against a 15- or 16-year-old defendant who has no prior record

Dear Mr. McBeath:

You have requested our opinion regarding the following question:

> Does a justice of the peace or municipal court have jurisdiction to try a misdemeanor offense under any provision of chapter 106 of the Texas Alcoholic Beverage Code filed against a fifteen or sixteen-year-old defendant who has no prior record of any violations of law?

As a preliminary matter, the criminal jurisdiction of a municipal court and a justice of the peace court is limited to misdemeanor offenses punishable by fine only. See Tex. Const. art. V, §§1, 19; see also V.T.C.S. art. 1195; Code Crim. Proc. arts. 4.11, 4.14. These two courts have concurrent jurisdiction over Class C misdemeanors. See Penal Code §12.23 (individuals adjudged guilty of a Class C misdemeanor shall be punished by a fine not to exceed $200). Consequently, a justice of the peace court and a municipal court would have jurisdiction over misdemeanor offenses found in chapter 106 of the Alcoholic Beverage Code which are punishable by fine only. Thus, the two courts would not have jurisdiction of section 106.08 of the code because the maximum punishment upon conviction may include confinement in the county jail. See Alco. Bev. Code §1.05.

This office has concluded on several occasions that minors may be prosecuted in criminal court for possible violations of offenses prohibiting the possession and consumption of alcoholic beverages. Attorney General Opinions H-320 (1974); M-327 (1968); WW-1171 (1961). Attorney General Opinion WW-1171 concluded that certain laws involving

alcoholic beverages provided an exception to the statutory provision against prosecuting minors in criminal court.

Since the issuance of these opinions, the legislature has recodified those penal laws involving alcoholic beverages into the Alcoholic Beverage Code. See Alco. Bev. Code §§106.01 et seq. Chapter 106 of the Alcoholic Beverage Code contains provisions relating to age, including several misdemeanor provisions involving conduct by a minor. Alco. Bev. Code §§106.02-106.07. The code presently defines "minor" as a person under 19 years of age. Id. §106.01; but see Acts 1985, 69th Leg., ch. 285, §11, at 2390; Acts 1985, 69th Leg., ch. 462, §9, at 3129, 3141.

The Penal Code provides that "[u]nless the juvenile court waives jurisdiction and certifies the individual for criminal prosecution, a person may not be prosecuted for or convicted of any offense. . . ." See Penal Code §8.07(b). The three express statutory exceptions to this waiver provision are perjury, aggravated perjury and state traffic offenses excluding driving while intoxicated and driving under the influence of drugs. See Penal Code §8.07(b).

Jurisdiction of the juvenile court is defined by Title III of the Family Code. Family Code §51.04(a). Section 51.04(a) of the Family Code provides:

> This title covers the proceedings in all cases involving the delinquent conduct or conduct indicating a need for supervision engaged in by a person who was a child within the meaning of this title at the time he engaged in the conduct, and the juvenile court has exclusive original jurisdiction over proceedings under this title. (Emphasis added).

The Family Code defines "child" as a person "ten years of age or older and under 17 years of age." See Family Code §51.02(1)(A). "Delinquent conduct" is not applicable to misdemeanor offenses. See Attorney General Opinion H-487 (1975); see also Family Code §54.02(a)(1). However, "Conduct Indicating A Need for Supervision" has been defined by the legislature to include "three or more" offenses that are a violation of a penal ordinance of a "political subdivision of this state." See Family Code §51.03(b)(1)(B) (this provision excludes traffic offenses). Consequently, Attorney General Opinion JM-316 (1985) concluded that a municipal court does not have jurisdiction over a Class C misdemeanor offense involving a fifteen or sixteen-year-old defendant who has fewer than three prior Class C misdemeanor convictions.

The Attorney General, in JM-316, reasoned that section 51.08 of the Family Code requires that the municipal court transfer these cases to the juvenile court for disposition. We believe that Attorney General Opinion JM-316 (1985) is consistent with one of the general purposes of Title III of the Family Code "to remove from children committing unlawful acts the taint of criminality and the consequences of criminal behavior and to substitute a program of treatment, training and rehabilitation." See Family Code §51.01(3); see also 31 Tex. Jur. 3d Delinquent Children, §6. The proceeding in juvenile court is civil in nature, and fewer than three Class C misdemeanors are not considered criminal prosecutions. See Steed v. State, 183 S.W.2d 458 (Tex. 1944); see also Family Code §51.13(a); Attorney General Opinion JM-316 (1985).

Attorney General Opinion JM-316 did not discuss the application of the Alcoholic Beverage Code when violated by minors. Although the legislature intended that a minor child's unlawful acts be prosecuted within the juvenile courts as a general rule, it has provided a specific statutory procedure exclusively for minors to be followed in criminal prosecution of minors under chapter 106 of the Alcoholic Beverage Code. The legislature has provided that when a child under the age of 19 is prosecuted in criminal court, municipal or justice court, for violation of an offense in the Alcoholic Beverage Code, the court having jurisdiction over the offense is required to adopt a specialized procedure. Alco. Bev. Code §§106.10-.12; see also R. Dawson, Texas Juvenile Law 37 (1984) (general discussion on specialized procedure for minors in the Alcoholic Beverage Code). Accordingly, Attorney General Opinion JM-316 (1985) is not applicable to the prosecution of minors, fifteen or sixteen-year-olds, who have violated any provision of chapter 106 of the Alcoholic Beverage Code. See Attorney General Opinions H-320 (1974); M-327 (1968); WW-1171 (1961).

The specialized procedure requires that the minor may not plead guilty except in open court, Alcoholic Beverage Code §106.10, the minor may not be convicted generally unless his parent or guardian is present in court, Alcoholic Beverage Code §106.11(a), and the minor convicted of not more than one violation may apply to the court, on attaining the age of 19, to have the conviction expunged from his record, Alcoholic Beverage Code §106.12(a). The legislature has provided a similar procedure to be followed by a criminal court, municipal court or justice court, when a minor has violated a traffic offense. See V.T.C.S. art. 6701l-4, §1a, §2. Moreover, traffic offenses are exempted from the exclusive jurisdiction of the juvenile court. Therefore to conclude that a municipal court has jurisdiction to try an offense under the Alcoholic Beverage Code, which is punishable by a fine only, does not create a conflict with Attorney General Opinion JM-316 (1985).

## S U M M A R Y

A justice of the peace court or a municipal court has jurisdiction to try a misdemeanor offense of the Texas Alcoholic Beverage Code which is punishable by fine only filed against a 15- or 16-year-old defendant who has no prior record of any violation of law.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory and
Susan L. Garrison
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Sarah Woelk