TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00538-CV






Fred Phillips and Yolanda Lopez, Appellants



v.



Texas Department of Protective and Regulatory Services, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 95-04345-A, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING 







 Fred Phillips and Yolanda Lopez appeal from a judgment that terminates their
parental rights in a suit brought by the Texas Department of Protective and Regulatory Services. 
We will dismiss the appeal for want of jurisdiction.


THE CONTROVERSY


 Yolanda Lopez is the mother of four minor children born during her marriage to
Richard Lopez. Phillips allegedly fathered V. L., one of the children. It appears Yolanda and
Richard have reared V. L. as their own. Phillips acquiesced in the arrangement and asserted no
legal rights in the child before the present litigation.

 The Department sued Yolanda, Richard, and Phillips to terminate their parental
rights and for other relief. Yolanda appeared by and through her attorney who filed an answer
averring a general denial. Phillips appeared pro se by filing a handwritten letter addressed to the
court in which he pleaded various matters in opposition to the relief requested by the Department. (1) 
The letter amounts to an answer and appearance. See Tex. R. Civ. P. 7, 84, 85, 121. Richard,
after service by publication, appeared by and through a court-appointed attorney who filed an
answer averring a general denial, a claim for attorney's fees, and a prayer for general relief. See
Tex. R. Civ. P. 121.

 The judgment below, rendered after a trial before the court, terminates Yolanda's
parental rights in the four children. Concerning Richard, the judgment declares he was not served
and did not appear. (2) Concerning the Department's action against Phillips, the judgment continues
as follows:


[N]o Court has established paternity of Fred. G. Phillips and [the Court] declines
to do so at this time.


The Court further finds that paternity has not been established through a paternity
test, and the Court terminates the parental rights of Fred G. Phillips, if any exist.


* * *



It is therefore ordered and decreed that the parent-child relationship, if any exists,
between the alleged biological father, Fred G. Phillips, and the Child [V. L.], be
and is hereby terminated.



DISCUSSION AND HOLDINGS


 Save for exceptions inapplicable here, courts of appeal may review only final
judgments. Hinde v. Hinde, 701 S.W.2d 637, 639 (Tex. 1985). A judgment is not final for
purposes of appeal unless it resolves all issues between all parties not severed from the cause. 
Continental Airlines, Inc. v. Kiefer, 920 S.W.2d 274, 276-77 (Tex. 1996). An issue regarding
a party's rights is not "resolved" unless the terms of the judgment may be carried into effect as
a ministerial function, that is to say, without resort to further judicial action; nor is an issue
"resolved" if it depends upon a contingency or future event. Steed v. State, 183 S.W.2d 458, 460
(Tex. 1944); 5 McDonald Texas Civil Practice § 27.6 (1992).

 The judgment in the present case expressly makes its termination of Phillips'
parental rights contingent and dependent upon a future event--a future judicial determination that 
Phillips is, in fact and in law, V. L.'s father. The judgment omits entirely to resolve any matter
put in issue by Richard's general denial, claim for attorney's fees, and prayer for other relief. No
order of severance appears in the appellate record as to Phillips or Richard Lopez. The judgment
is therefore not a final judgment within our power to review for error.

 We order the appeal dismissed.




 

 John Powers, Justice

Before Justices Powers, Kidd and B. A. Smith

Dismissed for Want of Jurisdiction

Filed: July 2, 1998

Do Not Publish
1. Phillips filed afterwards in the cause an affidavit asserting he is V. L.'s biological father.
2. This statement in the judgment is flatly contradicted by the clerk's record. As mentioned
in the text, Richard appeared by an answer filed in the cause. See Tex. R. Civ. P. 121. The
instrument is entitled "Original Answer Filed by Attorney Ad Litem for Respondent Cited by
Publication." The pleading purports to be signed by a licensed attorney. See Tex. R. Civ. P. 13.



t of jurisdiction.


THE CONTROVERSY


 Yolanda Lopez is the mother of four minor children born during her marriage to
Richard Lopez. Phillips allegedly fathered V. L., one of the children. It appears Yolanda and
Richard have reared V. L. as their own. Phillips acquiesced in the arrangement and asserted no
legal rights in the child before the present litigation.

 The Department sued Yolanda, Richard, and Phillips to terminate their parental
rights and for other relief. Yolanda appeared by and through her attorney who filed an answer
averring a general denial. Phillips appeared pro se by filing a handwritten letter addressed to the
court in which he pleaded various matters in opposition to the relief requested by the Department. (1) 
The letter amounts to an answer and appearance. See Tex. R. Civ. P. 7, 84, 85, 121. Richard,
after service by publication, appeared by and through a court-appointed attorney who filed an
answer averring a general denial, a claim for attorney's fees, and a prayer for general relief. See
Tex. R. Civ. P. 121.

 The judgment below, rendered after a trial before the court, terminates Yolanda's
parental rights in the four children. Concerning Richard, the judgment declares he was not served
and did not appear. (2) Concerning the Department's action against Phillips, the judgment continues
as follows:


[N]o Court has established paternity of Fred. G. Phillips and [the Court] declines
to do so at this time.


The Court further finds that paternity has not been established through a paternity
test, and the Court terminates the parental rights of Fred G. Phillips, if any exist.


* * *



It is therefore ordered and decreed that the parent-child relationship, if any exists,
between the alleged biological father, Fred G. Phillips, and the Child [V. L.], be
and is hereby terminated.



DISCUSSION AND HOLDINGS


 Save for exceptions inapplicable here, courts of appeal may review only final
judgments. Hinde v. Hinde, 701 S.W.2d 637, 639 (Tex. 1985). A judgment is not final for
purposes of appeal unless it resolves all issues between all parties not severed from the cause. 
Continental Airlines, Inc. v. Kiefer, 920 S.W.2d 274, 276-77 (Tex. 1996). An issue regarding
a party's rights is not "resolved" unless the terms of the judgment may be carried into effect as
a ministerial function, that is to say, without resort to further judicial action; nor is an issue
"resolved" if it depends upon a contingency or future event. Steed v. State, 183 S.W.2d 458, 460
(Tex. 1944); 5 McDonald Texas Civil Practice § 27.6 (1992).

 The judgment in the present case expressly makes its termination of Phillips'
parental rights contingent and dependent upon a future event--a future judicial determination that 
Phillips is, in fact and in law,