Opinion issued August 27, 2013



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00413-CV

————————————

**FOUR POINTS BUSINESS, INC., Appellant**

**V.**

**FRED ROJAS, D/B/A MEGA CONTRACTORS, Appellee**

---

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 981423**

---

## MEMORANDUM OPINION

This appeal involves a construction project to renovate a formerly abandoned convenience store. Appellant Four Points Business, Inc. hired appellee Fred Rojas as a general contractor to complete the renovations, but the project took

longer than Four Points anticipated. Four Points sued Rojas, who counterclaimed to recover under quantum meruit. After a bench trial, the trial court entered a judgment in favor of Rojas. Four Points appeals, contending that the judgment lacks a sufficient evidentiary basis. Because the trial court was free to credit Rojas's testimony and disbelieve the testimony and evidence Four Points presented, we affirm.

## Background

Four Points, which owns convenience stores, contracted with Fred Rojas, a general contractor, to fully remodel a previously abandoned convenience store located at 6643 Cullen Boulevard in Houston. The parties agreed that Rojas was responsible for obtaining blueprints and permits, rebuilding the interior of the store, installing new electrical fixtures and two 3.5-ton air conditioning units, and wrapping the building with new stucco. The agreement excluded repairs for major damage to the walk-in cooler and the structure of the building. The total estimated price for the project was listed as $70,000. Although no completion date for the project was listed in the agreement, a payment schedule was included that listed six payment dates: December 25, 2009; January 8, 2010; January 22, 2010; February 5, 2010; February 19, 2010; and the "balance at receiving of certificate of occupancy." The agreement was signed on December 26, 2009.

2

Rojas began work on the project and Four Points made the first two scheduled payments on time. A dispute then arose regarding obtaining permits from the City of Houston. The president of Four Points, Wahid Lala, testified that he refused to make further payments until Rojas obtained permits from the City. He testified that Rojas had assured him that the necessary permits would be obtained within two weeks of starting the project and that the entire project would be completed by the end of March 2010. Rojas, on the other hand, testified that he had not told Four Points that he could obtain the permits by a date certain and that he had no control over how long the City would take to issue the permits, although he had undertaken all the actions necessary to obtain them.

Because of the dispute over obtaining the permits, Four Points refused to make several of the other scheduled payments on time. Although Rojas agreed to accept late payments from Four Points due to the delay in obtaining the permits, he explained that the untimely payments nevertheless delayed work on the project. The project was further delayed when it was discovered that the store's power transformers could not accommodate the renovated wiring. The electric utility provided two different options to perform the needed upgrade, but Four Points did not make a decision for several months on how to proceed, which caused further delay.

The parties also disputed whether Rojas completed all of the work in the contract. Four Points claimed that while Rojas was eventually paid all of the money, he had completed only half of the work listed in the agreement. Rojas testified that he had completed all of the work in the agreement, which cost him $69,050, while Four Points only paid him $66,000. He also performed additional work to improve the store beyond that set forth in the written agreement, which he claims was orally approved by Four Points. Rojas upgraded the walls of the walk-in cooler, installed a large new canopy with lighting, and upgraded the electrical system. Rojas stated that the value of the additional work was $15,250, but Four Points never paid him for it.

To complete the project, the parties executed an addendum to the original contract on November 20, 2010. Rojas was to finish the remaining restoration work within 30 days, including installing the air conditioners and finishing work on the walk-in cooler, counter, and ceiling tiles. Four Points was to deposit $7,000 in escrow that would be released upon completion of the work. But Four Points failed to make the deposit, because, according to Lala, the title company would not allow the money to be placed in escrow without Rojas signing an escrow letter. Rojas testified that he was never told that he needed to be present for the money to be deposited. Four Points ultimately hired a different contractor to complete the project.

4

Four Points sued Rojas for breach of contract, negligence, unjust enrichment, and promissory estoppel. In his counterclaims, Rojas alleged the same causes of action against Four Points with the addition of a quantum meruit cause of action. After a bench trial, the trial court entered judgment in favor of Rojas, awarding him $15,250 in damages and $10,000 in attorney's fees. The trial court filed written findings of fact and conclusions of law in support of its judgment. Among other things, the trial court found that Rojas substantially completed the work contemplated in the original agreement and completed work on several items excluded from the original contract, for which he was never paid. The trial court assessed the value of this work at $15,250. Additionally, the trial court concluded that Four Points breached its agreements with Rojas when it failed to make timely payments under the original contract and failed to deposit money in escrow under the addendum.

Four Points then timely filed this appeal. In seven issues on appeal, Four Points challenges: (1) the trial court's judgment for failing to specify the claims upon which Rojas prevailed; (2) the finding that Rojas suffered damages when only testimony, not invoices or proof of payments, was introduced at trial; (3) the damages award when Rojas allegedly failed to plead quantum meruit; (4) the finding that Four Points anticipatorily breached when Rojas testified that he agreed to accept late payments; (5) the trial court's failure to find that Four Points suffered

5

damages given the evidence offered; (6) the trial court's failure to enter judgment in favor of Four Points; and (7) the attorney's fees award.

**Analysis**

## I.     Form of judgment

In its first issue, Four Points contends that the trial court's judgment should be reversed for failing to state the claim upon which Rojas prevailed. "A judgment must be sufficiently definite and certain to define and protect the rights of all litigants, or it should provide a definite means of ascertaining such rights, to the end that ministerial officers can carry the judgment into execution without ascertainment of facts not therein stated." *Stewart v. USA Custom Paint & Body Shop, Inc.*, 870 S.W.2d 18, 20 (Tex. 1994) (quoting *Steed v. State*, 183 S.W.2d 458, 460 (Tex. 1944)). In other words, a valid final judgment must be comprehensible and capable of execution, but there is no requirement that a judgment must explicitly and clearly state the specific claims upon which a party prevailed. *Cf. Progressive Cnty. Mut. Ins. Co. v. Kelley*, 284 S.W.3d 805, 806 (Tex. 2009) (the reviewing court must affirm summary judgment if any ground for granting judgment is meritorious, even if the trial court's order does not specify the grounds relied upon). The judgment in this case meets these requirements: it states that Four Points recovers nothing and that Rojas recovers $15,250 plus interest and

$10,000 in attorney's fees. The judgment identifies the prevailing party, as well as the amount to be recovered, which enables any ministerial officers to execute it.

Four Points also contends in its third issue that the judgment is invalid because it awarded quantum meruit damages which Rojas allegedly never pleaded. Rojas requested $15,250 in damages under his quantum meruit counterclaim, and this is the amount the trial court awarded him in the judgment. The contention that this claim was never pleaded lacks merit, as Rojas's original counterclaim pleadings, which are file-stamped and contained in the appellate record, include a quantum meruit claim. We overrule Four Points's first and third issues.

## II. Sufficiency of the evidence

Four Points's arguments in its second, fourth, fifth, and sixth issues all attack various aspects of the sufficiency of the evidence supporting the judgment. Specifically, it challenges the evidence supporting the findings that Rojas suffered quantum meruit damages and that it anticipatorily breached the parties' agreement in its second and fourth issues. Four Points also argues in its fifth and sixth issues that the trial court's failure to find that it suffered damages and enter judgment in its favor goes against the great weight and preponderance of the evidence.

The trial court's findings of fact in a bench trial have the same weight as a jury verdict and are reviewed for legal and factual sufficiency under the same

standards. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996) (per curiam); *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994).

In conducting a legal sufficiency review, we credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We consider the evidence in the light most favorable to the finding and indulge every reasonable inference that would support it. *Id.* at 822. We will sustain a no-evidence point only if: (1) the record reveals a complete absence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of the vital fact. *Id.* at 810; *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). If more than a scintilla of evidence exists to support the finding, the legal sufficiency challenge fails. *Haggar Clothing Co. v. Hernandez*, 164 S.W.3d 386, 388 (Tex. 2005) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998)).

In conducting a factual sufficiency review, we consider and weigh all of the evidence and set aside the judgment only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). The trial court acts as the factfinder in a bench trial,

and it is the sole judge of the credibility of witnesses. *Zenner v. Lone Star Striping & Paving, L.L.C.*, 371 S.W.3d 311, 314 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). As long as the evidence at trial "would enable reasonable and fair-minded people to differ in their conclusions," we will not substitute our judgment for that of the factfinder. *City of Keller*, 168 S.W.3d at 822.

An appellant may not challenge a trial court's conclusions of law for factual sufficiency, but we may review the legal conclusions drawn from the facts to determine their correctness. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). In an appeal from a bench trial, we review the conclusions of law de novo and will uphold them if the judgment can be sustained on any legal theory supported by the evidence. *Id.*

## A. Quantum meruit damages

Quantum meruit is an equitable theory of recovery based on an implied agreement to pay for benefits received and knowingly accepted. *Excess Underwriters at Lloyd's, London v. Frank's Casing Crew & Rental Tools*, 246 S.W.3d 42, 49 (Tex. 2008); *Gulf Liquids New River Project, LLC v. Gulsby Eng'g, Inc.*, 356 S.W.3d 54, 69 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992)). A contractor may recover the reasonable value of the services rendered and accepted or the materials supplied under quantum meruit by establishing that:

9

(1) valuable services or materials were furnished (2) to the party sought to be charged (3) which were accepted by the party (4) under such circumstances as reasonably notified the recipient that the contractor expected to be paid by the recipient. *Heldenfels Bros.*, 832 S.W.2d at 41; *Pepi Corp. v. Galliford*, 254 S.W.3d 457, 465 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). Recovery is not available under quantum meruit if an express contract covers the services or materials for which the claimant seeks recovery. *Gulf Liquids*, 356 S.W.3d at 69 (citing *Truly v. Austin*, 744 S.W.2d 934, 936 (Tex. 1988)).

A party seeking to recover on a claim of quantum meruit must introduce evidence on the correct measure of damages, which is the reasonable value of the work performed or the materials furnished. *Green Garden Packaging Co., Inc. v. Schoenmann Produce Co., Inc.*, No. 01-09-00924-CV, 2010 WL 4395448, at *6 (Tex. App.—Houston [1st Dist.] Nov. 4, 2010, no pet.) (mem. op.); *Johnston v. Kruse*, 261 S.W.3d 895, 902 (Tex. App.—Dallas 2008, no pet.). Providing specific testimony about the amount of compensation to which a party would be entitled for the services rendered satisfies the burden to produce evidence on the correct measure of damages. *Lamajack, Inc. v. Frazin*, 230 S.W.3d 786, 795–96 (Tex. App.—Dallas 2007, no pet.).

The evidence in this case included the testimony of Fred Rojas and Four Points's president Wahid Lala, copies of Four Points's contracts with Rojas and

another contractor it hired to complete the project, and copies of the checks Four Points used to pay Rojas. Four Points alleges that there is "no evidence" to support Rojas's allegations that he performed work beyond the scope of the original agreement because the only evidence Rojas offered on the additional work was his own testimony. Rojas did not provide invoices or proof of payments to support the additional work he performed, but he testified about the work he performed without compensation, including repairing the walls of the walk-in cooler, installing a high-quality awning with a lighting system, upgrading the electrical system, and work on the structure of the convenience store. He estimated that the value of this work and the materials was $15,250, which he requested in quantum meruit damages. These items were not included in the express agreements between the parties. Rojas testified that Lala consented to these extra-contractual upgrades.

"As factfinder, the trial court is given great latitude to believe or to disbelieve a witness's testimony, particularly if the witness is interested in the outcome." *Texaco, Inc. v. Phan*, 137 S.W.3d 763, 768 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). It is the factfinder's task to judge the credibility of the witnesses, to resolve conflicts in the evidence, and to decide which inferences to draw from the evidence presented. *City of Keller*, 168 S.W.3d at 819–21. Testimony constitutes evidence supporting damages awards. *McGalliard v.*

11

*Kuhlman*, 722 S.W.2d 694, 697 (Tex. 1986). As long as it rises above a mere scintilla or surmise, testimonial evidence is sufficient to support a judgment and we do not impose our own opinions about whether to believe one testifying witness and not another. *See City of Keller*, 168 S.W.3d at 819–20; *Johnston*, 261 S.W.3d at 902 ("The measure of damages for a quantum meruit claim is the reasonable value of the work performed. . . . Reasonable value may be established through lay testimony.").

Rojas testified that he performed work that benefited the convenience store beyond the scope of the contracts and for which he was never paid. Rojas further testified that he informed Lala that the upgrades were not included in the original bid and obtained his consent. Rojas was asked about each piece of work he performed that was not covered by the contracts and asked to confirm a value for it, offering specific testimony about the value of each task as well as the additional work he performed as a whole. *See Johnston*, 261 S.W.3d at 902 (lay witness's estimate of work's value sufficient to support award); *Johnson v. Luchin*, No. 14-11-00327-CV, 2012 WL 4364644, at *4 (Tex. App.—Houston [14th Dist.] Sep. 25, 2012, no pet.) (mem. op.) (holding similar testimony about the value of materials and services on an itemized list supports an quantum meruit award). Contrary to Four Points's contention, invoices or documentary proof of payments are not required to support recovery under quantum meruit. Based on Rojas's

12

testimony and contract documents, there was sufficient evidence supporting the award of $15,250 in quantum meruit damages.

This evidence supports the conclusion that Rojas furnished valuable services and materials, which were accepted and not covered by an express contract, and that Four Points was reasonably aware under the circumstances that Rojas would expect to be paid for these services. Accordingly, the trial court did not err in concluding that "Four Points is indebted to Rojas for the reasonable value of the work performed for and the materials furnished to Four Points for the items that were not included in the original estimate in the amount of $15,250.00."

We overrule Four Points's second issue concerning the evidence supporting the quantum meruit award.[1]

---

[1]    Under this issue, Four Points also argues that Rojas was not entitled to recover the damages award in equity because he had unclean hands. Four Points also argues that it is entitled to an offset for the damages caused by Rojas, including having to pay for an electrical subcontractor's lien against the property. Both unclean hands and offset are affirmative defenses. *See Adams v. First Nat'l Bank of Bells/Savoy*, 154 S.W.3d 859, 876 (Tex. App.—Dallas 2005, no pet.) (unclean hands); *Geis v. Colina Del Rio, LP*, 362 S.W.3d 100, 113 (Tex. App.—San Antonio 2011, pet. denied) (offset). Four Points did not raise unclean hands or offset in its pleadings or before the trial court. Therefore, Four Points has waived these points. *See* TEX. R. CIV. P. 94 (generally an affirmative defense must be pleaded or it is waived); TEX. R. APP. P. 33.1 (to present a complaint for appeal, record must show that the complaint was made to the trial court that complied with the rules of procedure).

**B.     Anticipatory breach**

In its conclusions of law, the trial court determined that Four Points "committed anticipatory breaches" of the original contract "by failing to timely make the mandatory third, fourth, fifth, and sixth scheduled payments," and that Four Points "committed an anticipatory breach of the November 8, 2010 written addendum by not depositing the mandatory $7,000.00 with the title company." In its fourth issue Four Points "challenges all these conclusions of law . . . since they go against the great weight and preponderance of the evidence." We construe this issue as a challenge to the sufficiency of the evidence supporting the trial court's findings of anticipatory breaches by Four Points.

A party's initial material breach of a contract excuses the other party from the obligation to further perform under the contract. *Mustang Pipeline Co., Inc. v. Driver Pipeline Co., Inc.*, 134 S.W.3d 195, 196 (Tex. 2004) ("when one party to a contract commits a material breach of that contract, the other party is discharged or excused from further performance"). But a non-breaching party may choose to continue performance. *See id.* at 200. The materiality of the breach generally presents a question for resolution by the trier of fact. *Henry v. Masson*, 333 S.W.3d 825, 835 (Tex. App.—Houston [1st Dist.] 2010, no pet.). In this case, the trial court found that Four Points failed to timely make several payments scheduled under the original contract. Both Lala and Rojas testified that several of the

14

payments had been late. On this basis, the trial court concluded that Four Points anticipatorily breached the original contract when it failed to make those payments on time. Four Points argues that this conclusion goes against the great weight of the evidence because Rojas testified that he had agreed to accept the late payments until he obtained the permits for the project. Rojas testified that he in fact accepted the late payments. Four Points implies that the necessary inference to be drawn from this testimony is that it did not breach the contract. But his testimony could equally mean that after Four Points breached, Rojas agreed to continue to perform under the contract anyway, although he would have been excused from performance due to Four Points's initial breach. *See Mustang Pipeline*, 134 S.W.3d at 200; *Henry*, 333 S.W.3d at 836–38. Thus, the trial court's finding that Four Points failed to make timely payments is not against the great weight of the evidence.

The trial court's finding that Four Points failed to deposit money in escrow is also supported by the evidence. Lala testified that he could not deposit the money in escrow because Rojas had to sign the deposit. The trial court was free to disbelieve this testimony and to believe Rojas's testimony that he was never told to appear for the deposit. In the addendum, there is no mention of the need for Rojas to appear. Thus, the trial court's finding that Four Points failed to desposit the money in escrow was supported by the evidence. The trial court did not err in

15

concluding from this finding that Four Points breached the addendum.[2]  We

overrule Four Points's fourth issue.

## C.     Four Points's causes of action

In its fifth and sixth issues, Four Points argues that the failure to find

damages and render judgment in its favor goes against the great weight and

preponderance of the evidence.  In addition to arguments already addressed above,

Four Points adds a contention that the trial court was required to consider that a

time or "time is of the essence" term was as essential to the contract, and therefore

such a term should have been implied in the original agreement.  Four Points notes

that it presented proof of this to the trial court in the form of an agreement to lease

the store to a third party beginning in April 2010, which was only a few months

after the start of the renovation project.

A contract is legally binding only if its terms are sufficiently definite to

enable a court to understand the parties' obligations.  *Fort Worth ISD v. City of

Fort Worth*, 22 S.W.3d 831, 846 (Tex. 2000).  A contract is sufficiently definite if

---

[2]     Under this issue, Four Points also argues that the addendum was void as a matter of law.  But the trial court did not find any damages were owed to either party under the addendum.  The only damages awarded were for the materials and work Rojas performed but which were not listed under either express agreement, so any failure to conclude that the addendum was void would be harmless.  *See* TEX. R. APP. P. 44.1(a)(1); *H.E.B., L.L.C. v. Ardinger*, 369 S.W.3d 496, 515–16 (Tex. App.—Fort Worth 2012, no pet.) (irrelevant conclusions of law did not affect the rendition of a proper judgment and so were harmless error).

a court is able to determine the respective legal obligations of the parties. *Chavez v. McNeely*, 287 S.W.3d 840, 845 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (citing *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992)). Contract terms are reasonably certain "if they provide a basis for determining the existence of a breach and for giving an appropriate remedy." *Id.* (quoting RESTATEMENT (SECOND) OF CONTRACTS § 33(2) (1981)). Whether an agreement fails for indefiniteness is a question of law to be determined by the court. *COC Servs., Ltd. v. CompUSA, Inc.*, 150 S.W.3d 654, 664 (Tex. App.—Dallas 2004, pet. denied). If the parties were unable to complete a contract by mutual agreement, the factfinder may not supply an essential term. *See id.*

Under these standards, the original agreement here was sufficiently definite even without the inclusion of a time term. Unlike an interest rate in a loan contract, the time term was not necessary to fix the respective legal obligations of the parties. *See T.O. Stanley Boot*, 847 S.W.2d at 222. Rojas was to perform the restoration work as set forth in the agreement, and Four Points was to pay him at scheduled dates. A set date for completion of the project was not necessary for there to be a binding contract upon both parties. The fact that Four Points had an undisclosed requirement to finish the project by a date certain was not included in the contract. There was conflicting testimony presented as to whether such a date was mutually understood by the parties outside of the contract. To the extent such

17

parol evidence could even be considered, the trial court was free to credit Rojas's testimony that there was no agreed completion date for the project and to disbelieve Four Points's contrary evidence in the form of testimony and the lease agreement with the third party. Four Points is incorrect to the extent it argues that the lease agreement is conclusive proof of a time term. The lease agreement only reveals Four Points's internal aspiration for the project's completion date; it is not conclusive proof that Four Points had reached an agreement with Rojas to complete by April 2010. Accordingly, we overrule Four Points's fifth and sixth issues.

## III. Attorney's fees

In its final issue, Four Points requests that this court reverse the award of attorney's fees if we reverse the trial court's judgment. Because the trial court had sufficient evidence to support its judgment awarding Rojas damages for the uncompensated services and materials he provided to Four Points, the award of attorney's fees was authorized. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (West 2012) (authorizing the recovery of attorney's fees for claims for services or materials provided). We overrule Four Points's seventh issue.

18

## Conclusion

Having overruled all of Four Points's issues on appeal, we affirm the judgment of the trial court.


Michael Massengale
Justice

Panel consists of Justices Jennings, Bland, and Massengale.