**DISMISS and Opinion Filed December 15, 2022**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-00843-CV

## LYNNE C. RENFRO AND G. LEE FINLEY, Appellants

### V.

## NEW REZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING AND NATIONSTAR MORTGAGE, LLC, Appellees

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-04946-2019**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Carlyle, and Justice Garcia
Opinion by Justice Garcia

This appeal challenges three summary judgment orders. Because the orders are not appealable, we dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

The underlying suit stems from a home equity loan obtained by Lynne Renfro and secured by a deed of trust on a house she now shares with Lee Finley. Renfro filed the suit after she defaulted on the loan and was threatened with foreclosure. She asserted various claims, including breach of contract, against New Rez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint"), the "current" mortgagee and

mortgage servicer, and Nationstar Mortgage, LLC, Shellpoint's predecessor-in-interest. Nationstar and Shellpoint answered, seeking attorney's fees. In addition, Shellpoint asserted counterclaims against Renfro for breach of contract, judicial foreclosure, and "equitable lien/subrogation," and asserted the latter two claims as third-party claims against Finley as well.

The first appealed order granted Shellpoint an equitable lien on the house. The second order granted Shellpoint's no-evidence and traditional summary judgment motions on Renfro's claims and its remaining claims and read, in relevant part: "The court having reviewed the motions, responses and replies, if any, and arguments of counsel, **GRANTS** the motions in their entirety. Judgment will follow by separate order."

The third order addressed Nationstar's joinder and adoption by reference in Shellpoint's no-evidence and traditional summary judgment motions. It read, in relevant part, as follows

> The Court, having considered the Motions, any responses or replies and oral argument, finds that the Motions have merit and are hereby **GRANTED**.
>
> **IT IS THEREFORE ORDERED** that Nationstar Mortgage LLC is granted summary judgment on all claims asserted against it by Plaintiff . . .
>
> **FURTHER, IT IS ORDERED** that Plaintiff shall bear all costs.

Because the orders did not determine the amount of fees to which Shellpoint was entitled or address Nationstar's request for fees and the order granting

Shellpoint's no-evidence and traditional summary judgment motions specifically stated that judgment would follow by separate order, we questioned our jurisdiction over the appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001) (when no conventional trial has been held, judgment is final for purposes of appeal only if it actually disposes of all pending claims and parties or unequivocally states it finally disposes of all parties and claims). In a letter brief filed at our direction, Shellpoint and Nationstar agree their requests for attorney's fees remain pending and note the second order is not definite with respect to Shellpoint's other affirmative claims. *See Hinde v. Hinde*, 701 S.W.2d 637, 639 (Tex. 1985) (per curiam) (to be appealable, judgment must not only be final but also "sufficiently" definite and certain concerning parties' rights) (quoting *Steed v. State*, 183 S.W.2d 458, 460 (Tex. 1944)). Renfro and Finley respond that Shellpoint and Nationstar "waived" their requests for fees because they failed to submit supporting evidence. Renfro and Finley further argue the third order is the "separate order" referenced in the second order as it awarded costs.

An award of costs, by itself, however, does not make a judgment final, and even if Shellpoint and Nationstar "waived" their fees, their requests would still need to be denied by written order. *See id.*; *see also Farmer v. Ben E. Keith*, 907 S.W.2d 495, 496 (Tex. 1995) (per curiam) (appellate timetable runs from signing of order even when signing order is ministerial). Because the appealed orders do not actually

dispose of the requests for fees or unequivocally state that they do, they are not final.

Accordingly, we dismiss the appeal.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

220843F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

LYNNE C. RENFRO AND G. LEE FINLEY, Appellants

No. 05-22-00843-CV     V.

NEW REZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING AND NATIONSTAR MORTGAGE, LLC, Appellees

On Appeal from the 366th Judicial District Court, Collin County, Texas Trial Court Cause No. 366-04946-2019.
Opinion delivered by Justice Garcia, Chief Justice Burns and Justice Carlyle participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellees New Rez LLC d/b/a Shellpoint Mortgage Servicing and Nationstar Mortgage, LLC recover their costs, if any, of this appeal from appellants Lynne C. Renfro and G. Lee Finley.

Judgment entered December 15, 2022.